## MONACO v. LANGE.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. APPEAL AND ERROR (§ 866*)—DISMISSAL OF COMPLAINT ON MERITS—REVIEW —EXCEPTIONS.

An appeal from an order dismissing a complaint on the merits entered after trial before a jury who disagreed, and after the court reserved its decision on the motion to dismiss, and from the judgment entered on the order, brings up for review the action of the court in granting the motion and entering judgment on the order, without any exception to the ruling.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3467–3475; Dec. Dig. § 866.*]

2. APPEAL AND ERROR (§ 422*)—NOTICE OF APPEAL—DEFECTS—CORRECTION.

Permission will be granted as of course to correct a notice of appeal containing a slight misdescription of the order appealed from, but clearly disclosing the intention to appeal from the order and the judgment entered thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2149; Dec. Dig. § 422.*]

3. TRIAL (§ 136*)—DISMISSAL OF COMPLAINT—WHEN AUTHORIZED.

Where a question of fact is presented by the evidence, it is error to order a dismissal of the complaint on the merits.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 318; Dec. Dig. § 136.*]

Appeal from Trial Term, New York County.

Action by Giuseppe Monaco against John F. Lange. From a judgment entered after trial on an order granting a motion to dismiss the complaint on the merits and from the order, plaintiff appeals. Reversed, and new trial granted.

See, also, 129 N. Y. Supp. 1136.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Rosario Maggio, for appellant.
E. Clyde Sherwood, for respondent.

MILLER, J. This is an action for personal injuries alleged to have been caused by the defendant's negligence. Upon the merits we deem it sufficient to say that the evidence presented a plain case for the jury, both as to the defendant's negligence and the plaintiff's freedom from contributory negligence. At the close of the evidence, the decision of a motion to dismiss the complaint was reserved by the court without objection and the case was submitted to the jury, who were unable to agree, whereupon the motion to dismiss was renewed and the decision of it again reserved by the court. Thereafter the court made an order dismissing the complaint on the merits. The respondent takes the point that the appellant cannot review the ruling for want of an exception.

There was no way known to our practice by which the plaintiff could have taken an exception to the dismissal of the complaint. An exception could not have been noted in the minutes, because the mo-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion was not granted at the trial. There was no decision to which an exception could be filed. The court made an order dismissing the complaint and upon that order a judgment was entered.

[1] The way to review it was to appeal from the judgment and the order. The appellant has undertaken to do that. There is a slight misdescription of the order in the notice of appeal, but it is plain that the plaintiff intended to appeal from the judgment and the order upon which it was entered.

[2] Permission would be granted as a matter of course to correct the notice of appeal, and we think that in the interest of justice the slight misdescription of the order in the notice of appeal may be disregarded.

[3] As a question of fact was presented by the evidence, the court was plainly in error in granting the order for the dismissal of the complaint.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.