### JACKMAN et al. v. HASBROUCK et al.

(Supreme Court, Appellate Division, Second Department. May 25, 1915.)

APPEAL AND ERROR ⬤⟞105—APPEAL FROM ORDER—MOTION TO DISMISS COMPLAINT.

An order denying a motion, made at the trial, to dismiss the complaint, for want of jurisdiction of the subject-matter, is not reviewable directly and before the termination of the trial, but is governed by Code Civ. Proc. § 996, limiting review of exceptions taken on a trial to an appeal from the judgment, though an order directing or denying judgment on the pleadings, made on a motion under section 547, is appealable directly.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 717–723; Dec. Dig. ⬤⟞105.]

Appeal from Special Term, Dutchess County.

Action by Allison W. Jackman and another, executors, against Esther J. Hasbrouck and others. From an order denying the motion of Jackman Herrick and three other defendants to dismiss the complaint, said defendants appeal. Appeal dismissed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Henry Waldman, of New York City, for appellants.
Frank B. Lown, of Poughkeepsie, for respondents.

CARR, J. When this action came on for trial at Special Term in Dutchess county, and at the opening thereof, four of the defendants moved to dismiss the complaint on the ground that the court was without jurisdiction of the subject-matter of the action. The motion was denied, and the trial proceeded and is still continuing. A formal order was entered on the denial of the motion to dismiss, and an appeal was taken from the order. This appeal is now before this court, although, as conceded on the oral argument, the action is still in the process of trial, and no judgment, interlocutory or otherwise, has been entered.

According to long-settled rules of practice, the denial of a motion made at a trial to dismiss the complaint is reviewable only on an appeal from the judgment made in the action. Cosgriff v. Dewey, 89 Hun, 4, 34 N. Y. Supp. 999. The appellants contend that their motion and the ruling of the trial court upon it should be considered as a motion for judgment upon the pleadings under section 547 of the Code of Civil Procedure, which provides:

"If either party is entitled to judgment upon the pleadings, the court may upon motion at any time after issue joined give judgment accordingly."

Where an order directing or denying judgment upon the pleadings has been made under section 547, as aforesaid, it is appealable directly. Mitchell v. Dunmore Realty Co., 135 App. Div. 583, 120 N. Y. Supp. 771. Yet there is no precedent which holds that, when the motion is made at the trial itself, the ruling of the trial court can be reviewed directly and before the termination of the trial and entry of judgment. We think that it is not the intention of section 547 of the Code of Civil Procedure to sanction the practice for which the appellants now contend. However labor-saving such practice might prove in this particular case, it would lead to confusion and complexity in the general run of cases. Furthermore, the matter is regulated by section 996 of the Code of Civil Procedure, which limits the review of exceptions taken upon a trial to an appeal from the judgment. In our opinion, the ruling made on this trial is not to be deemed to be exempt from the regulation of section 996, as aforesaid. Therefore we are of opinion that this appeal should be dismissed, without prejudice to a review of the order in question on an appeal from whatever judgment may be entered on the termination of the trial.

Appeal dismissed, with $10 costs and disbursements. All concur.