HELEN READE, Respondent, *v.* WILLIAM J. HALPIN and THE SOCIETY OF THE SISTERS OF ST. JOSEPH OF THE CITY OF TROY, Appellants, Impleaded with FREEMAN H. MUNSON, Defendant.

Third Department, November 14, 1917.

**Motions and orders — determination of trial court in disposing of motion to dismiss complaint after verdict not an order but a mere ruling — appeal.**

The determination of a trial court in disposing of a motion to dismiss the complaint made by two of three defendants as to whom the trial jury had reported a disagreement, is not an order but a ruling made during

the course of the trial and may only be reviewed on an appeal from the judgment affected by such ruling, if the party appealing is aggrieved thereby.

Such determination is not an order in the sense in which that term is used in the Code of Civil Procedure.

APPEAL by the defendants, William J. Halpin and another, from an order of the Supreme Court, made at the Rensselaer Trial Term and entered in the office of the clerk of the county of Rensselaer on the 2d day of June, 1917, denying their motion for a dismissal of the complaint after the jury had disagreed as to a recovery by plaintiff against them.

*Thomas S. Fagan,* for the appellants.

*James Farrell,* for the respondent.

COCHRANE, J.:

This is an action for malicious prosecution against three defendants. At the trial the jury rendered a verdict in favor of one defendant and reported a disagreement as to the other two, who are the appellants herein. They immediately moved to dismiss the complaint on grounds stated by them in making similar motions during the trial at the close of plaintiff's evidence, and again at the close of all the evidence, and on the additional ground that on the complaint and verdict in favor of the other defendant, no damages could be recovered against them, it being argued that a verdict against them and in favor of the other defendant would be inconsistent. This motion having been denied, the determination of the court in disposing of the motion was incorporated in the form of an order, and from such alleged order this appeal has been taken.

The determination in question is not an order in the sense in which that term is used in the Code of Civil Procedure. Sections 767 to 779, inclusive, constituting title 5 of chapter 8 of the Code of Civil Procedure, apply to " motions and orders generally." Section 767 is as follows: " Definition and form of an order. A direction of a court or judge, made, as prescribed in this act, in an action or special proceeding, must be in writing, unless otherwise specified in the particular case. Such a direction, unless it is contained in a judgment;

is an order." The section then goes on to require the court to cause its determination, together with a recital of the papers read on the motion, to be indorsed on or appended to the motion papers. Section 768 provides, among other things: "Such application or motion must be made to a court, or to a judge or justice thereof." There are other numerous detailed provisions as to the place where, and the conditions under which a motion may be made, and the manner in which a disposition thereof shall be reached. These provisions have no relevancy or application to a determination such as the one in question. A motion resulting in an order, unless there is special provision to the contrary, may be made at any time during the history of the action from its inception to the trial and thereafter, and to any branch of the court at which provision is made for the hearing of such a motion and to any judge qualified to hear the same. The determination in question is of an entirely different nature. It is not subject to the practice ordinarily applicable to motions and orders. A motion to dismiss the complaint was made, it is true, but such motion was made during the trial and as a part thereof, and necessarily only to the particular judge who happened to be conducting that particular trial and while the same was in progress. The determination is not an order but a ruling made during the course of the trial. Section 992 of the Code of Civil Procedure provides that an exception may be taken to the ruling of the court upon a question of law arising upon the trial, and section 996 provides that a ruling to which an exception is taken " can be reviewed only upon an appeal from the judgment, rendered after the trial." The determination in question is such a ruling and is not an order in any appropriate sense, and like many other rulings occurring during a trial may be reviewed on an appeal from the judgment affected by such ruling, if the party appealing is aggrieved thereby. The right of appeal in a case like the present has never been exercised or recognized by the profession or the courts and we are referred to no decision or legislation justifying the practice here adopted. On the contrary, the case of *Pangburn* v. *Buick Motor Company* (211 N. Y. 228) seems to be an authority against the appellants on this question of practice. In that case a jury had rendered a verdict in favor of one

of two defendants and against the other, which verdict was inconsistent, and the judgment rendered thereon against the one defendant was reversed on appeal from the judgment. After the judgment was entered against the appealing defendant it moved at Special Term to correct the same by striking therefrom the adjudication against itself and inserting in lieu thereof an adjudication that the complaint be dismissed, which motion was denied and the order denying the same was also before the Court of Appeals for its consideration on the appeal from the judgment. The court, in discussing this motion, although holding that the appellant on its appeal from the judgment was entitled to a reversal, stated: " It does not seem to need long discussion to point out the ineffectiveness of this motion," and that the defect was " not of a kind to be corrected on such a motion." Of course if the appellants are right in their practice it is immaterial whether the jury disagreed or rendered a verdict against them. In either event they could raise the question by motion, as the appellant sought to do in the case cited. If the trial had resulted in a judgment against the appellants their remedy would be an appeal from the judgment. By the disagreement of the jury and the denial of the appellants' motion the trial resulted in a nullity as to them. They are in no more unfavorable position than before the trial, and they have no grievance which may not be redressed on another trial.

The appeal should be dismissed, with ten dollars costs and disbursements.

All concurred.

Appeal dismissed, with ten dollars costs and disbursements.