Frank A. Stevens, Respondent, *v.* Bernard Naumburg, Appellant.

First Department, July 6, 1925.

Appeal — orders appealable — defendant moved at close of plaintiff's case and at close of entire case to dismiss complaint — decision was reserved without exception — order subsequently made setting aside verdict in favor of plaintiff and denying defendant's motions to dismiss — no judgment entered — order denying motions to dismiss not appealable under Civil Practice Act, § 583 — verdict was properly set aside as compromise.

An order denying defendant's motions to dismiss the complaint is not appealable under section 583 of the Civil Practice Act, where it appears that the defendant moved at the close of the plaintiff's case to dismiss the complaint, and that the

court reserved decision on the motion without exception by the defendant, and the defendant moved at the close of the entire case to dismiss the complaint and the court reserved decision without exception, and that thereafter the court made an order setting aside the verdict in favor of the plaintiff and denying the defendant's motions to dismiss the complaint but no judgment was entered.

Had an exception been taken at the time of the reservation of the decision by the court upon the defendant's motions to dismiss, the question as to whether the plaintiff had made out a cause of action might have been presented.

The appeal by the defendant from the order denying his motions to dismiss the complaint is merely from a ruling made by the trial court during the course of the trial, and like other rulings made during the course of the trial is only reviewable upon an appeal from the judgment.

The verdict of the jury for $5,000 was properly set aside on the ground that it was a compromise and that it was entirely inadequate, since it appears that the action is one to recover damages for breach of a contract for the sale of oil and that, if the plaintiff is entitled to recover at all, he is entitled to recover substantially the amount claimed by him, that is, $292,000.

APPEAL by the defendant, Bernard Naumburg, from that part of an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 26th day of June, 1924, which denies defendant's motion to dismiss the complaint after a trial at the New York Trial Term.

*Nathan & Tolins* [*David B. Tolins* of counsel], for the appellant.

*Donnelly & Flynn* [*Frederick J. Flynn* of counsel], for the respondent.

MERRELL, J.:

This action is brought by the plaintiff to recover of the defendant the sum of $292,000 damages alleged to have been sustained by the plaintiff by reason of the defendant's failure to perform a contract alleged to have been entered into between the parties in May, 1921, whereby the plaintiff agreed to sell and deliver to the defendant, and the latter to receive and pay for, 10,000 barrels of Panuco Mexican crude oil daily for a contract period of two years at forty cents for each barrel of forty-two gallons; and by reason of the defendant's failure to establish a sixty-day rotary letter of credit to the order of the plaintiff covering the purchase price of said oil. The action was tried at Trial Term, and during the progress of the trial and at the close of the plaintiff's case the defendant moved for a dismissal of the complaint on the ground that the plaintiff had failed to prove a cause of action. The court reserved decision on defendant's said motion, and the defendant thereupon presented his proofs, and at the close of the evidence in the case the defendant renewed his motion for a dismissal of the complaint upon the ground that the entire case showed that the plaintiff had not done the acts required of him under the contract

between the parties and had failed to make out a case on the entire evidence. Again the court reserved decision on defendant's said motion. No exception was taken by the defendant upon the reservation of decision of defendant's said motions. Thereupon the issues were submitted to the jury and the jury rendered a verdict in plaintiff's favor and against the defendant for $5,000. Upon the rendition of said verdict both the plaintiff and the defendant moved to set aside the verdict, the defendant moving upon the grounds mentioned in section 549 of the Civil Practice Act, and particularly on the ground that the verdict was a compromise verdict and was not supported by the evidence. The plaintiff moved to set aside the verdict for inadequacy. The court reserved decision on said motions to set aside the verdict and called for briefs thereon. Subsequently and on June 26, 1924, an order was entered granting the motions to set aside the verdict. Said order also denied the motions of the defendant for a dismissal of the complaint at the end of the plaintiff's case and at the end of the trial. The defendant has appealed from so much of said order as denied defendant's motions to dismiss the complaint made at the end of the plaintiff's case and at the end of the trial.

Two questions are presented upon this appeal: *First*, as to whether the order, in so far as it denied defendant's motions to dismiss the complaint made at the end of plaintiff's case and at the end of the trial, is appealable; and, *secondly*, whether the court erred in setting aside the verdict of the jury and granting a new trial.

I am of the opinion that defendant's appeal must be dismissed upon the ground that the order, in so far as the defendant has appealed therefrom, is not appealable. The complaint alleges a cause of action for breach of contract. It is therein alleged that between the 19th day of May, 1921, and the twenty-seventh of May of that year the parties entered into a contract whereby the defendant was to purchase of the plaintiff 10,000 barrels of oil daily for a period of two years, and that the defendant was to establish a sixty-day rotary letter of credit to the order of the plaintiff covering the purchase price; that after the defendant established such letter of credit plaintiff was to present to the defendant a tentative contract on behalf of the oil producers in Mexico, and that thereafter a final contract signed by the producers of the crude oil should be delivered to the defendant; that after said letter of credit had been established by the defendant, plaintiff would present to the defendant plaintiff's authority to enter into a tentative contract on behalf of the owner; that in and by the contract it was agreed that plaintiff should furnish to defendant " suitable guarantees " as to the ability of the producers to furnish

the oil in question. The complaint alleges full performance of all conditions of the contract by the plaintiff, and that plaintiff furnished the defendant evidence of his authority to enter into a tentative contract for the sale of said oil, and offered to make such contract, but that defendant failed and refused to perform on his part or to furnish the agreed letter of credit, and refused to enter into said tentative contract, whereby the plaintiff suffered damages in the sum of $292,000.

Evidence was presented by the plaintiff which the court held was sufficient to justify the rendition of the verdict in plaintiff's favor for damages. These damages were measured by the difference between the contract price and the market price of the oil in question at the time of the alleged breach of the contract by the defendant. There was sharp dispute in the evidence as to the truth of plaintiff's allegations as to the making of the contract and defendant's breach thereof. If the jury believed the testimony of the plaintiff, the plaintiff was entitled to a verdict in substantially the amount claimed by him. It is, therefore, clear that the verdict of the jury in plaintiff's favor for $5,000 was a compromise and was unsupported by the evidence.

As to the right of the defendant to appeal from the order in so far as it denied defendant's motions for dismissal of the complaint made at the end of the plaintiff's case and also at the end of the trial, I am of the opinon that said order was improperly entered and unnecessary. Had an exception been taken at the time of the reservation of decision by the court upon defendant's motions to dismiss, the question as to whether the plaintiff had made out a cause of action might have been presented. Section 444 of the Civil Practice Act provides that an exception may be taken to the ruling of the court on a question of law arising on the trial of an issue of fact. Section 446 of the Civil Practice Act provides that an exception must be taken at the time when the ruling is made. Section 583 of the Civil Practice Act provides that " A ruling to which an exception is taken can be reviewed only upon an appeal from the judgment rendered after the trial, except in a case where it is expressly prescribed by law that a motion for a new trial may be made thereupon."

The order appealed from herein by the defendant is merely from a ruling made by the trial court during the course of the trial, and, like other rulings made during the course of the trial, is only reviewable upon an appeal from the judgment. No judgment has been entered in the present action. The verdict of the jury was set aside by the trial court, and, therefore, the verdict by the jury

in plaintiff's favor and the trial itself became a nullity. The defendant is in precisely the same position that he was before the trial commenced, and upon any future trial of the issues may raise a question as to whether the plaintiff proves a cause of action. The very question as to the appealability of said order was decided by this court in *Brauer* v. *Oceanic Steam Navigation Co.* (77 App. Div. 407). In the case at bar the trial court set aside the verdict rendered in favor of the plaintiff and granted a new trial of the action. The Oceanic Steam Navigation Company, Limited, appealed from an order denying its motion for a nonsuit during the course of the trial. This court held that such appeal by the defendant was improperly taken, and that the appeal must be dismissed, with costs. Mr. Justice PATTERSON, writing for this court, said (at p. 408): " We know of no practice which authorizes the entry of such an order. The disposition of a motion made for a non-suit during the progress of a trial is a part of the trial, and the correctness of the ruling of the court in refusing or granting a non-suit must be brought up for review by appeal from the judgment or upon a motion for a new trial."

In *Kingsway Construction Co.* v. *Metropolitan Life Ins. Co.* (161 App. Div. 649) this court held that where the court reserves the decision of defendant's motion for the direction of a verdict and subsequently the jury announces that they disagree, no appeal lies from a subsequent order denying the reserved motion. This, because, as the jury disagreed, no judgment was entered, and an appeal from a judgment is necessary for a review of such order. (See, also, *Monaco* v. *Lange*, 146 App. Div. 18.) The Appellate Division, Second Department, in *Jackman* v. *Hasbrouck* (168 App. Div. 256) held that a decision of a motion to dismiss the complaint made at the trial could only be reviewed on appeal from the judgment in the action. In *Reade* v. *Halpin* (180 App. Div. 157) the Appellate Division, Third Department, held that the determination of the trial court in disposing of a motion to dismiss a complaint was not an order but a ruling made during the course of the trial and might only be reviewed on an appeal from the judgment affected by such ruling; that such a determination was not an order in the sense in which the term was used in the Code of Civil Procedure. I am, therefore, of the opinion that the appeal herein was improperly taken.

Upon the merits, I think the court was justified in setting aside the verdict as inadequate, and in directing a new trial of the issues. The evidence of the plaintiff was sufficient to establish a contract between the parties and its repudiation by the defendant with consequent damage to the plaintiff. While in most essential

particulars plaintiff's evidence was disputed by the witnesses for the defendant, I am of the opinion that the evidence upon the trial presented a question of fact which was for the determination of the jury.   By the verdict rendered the jury credited the testimony of the plaintiff as to the making of the contract in suit, the performance of its terms by the plaintiff, and breach thereof by the defendant to plaintiff's damage.   If the plaintiff was entitled to recover, as the jury found, then the plaintiff was entitled to damages in a much greater sum than the amount of the verdict rendered by the jury.   However, inasmuch as the appeal of the defendant was improperly taken, the appeal should be dismissed, with ten dollars costs and disbursements to the plaintiff, respondent.

CLARKE, P. J., DOWLING, McAVOY and BURR, JJ., concur.

Appeal dismissed, with ten dollars costs and disbursements.