JANET R. JENNINGS, an Infant, by ORMOND N. JENNINGS, Her Guardian ad Litem, Appellant, *v.* ETHEL A. DOYLE, Respondent. BUEL A. PARADIS, Appellant, *v.* ETHEL A. DOYLE, Respondent. ETHEL A. DOYLE, Respondent, *v.* BUEL A. PARADIS, Appellant.

Third Department, March 4, 1942.

*Edgar S. Knox* [*Daniel H. Prior* of counsel; *Milton B. Knox* with him on the brief], for the plaintiffs-appellants in first two actions and defendant-appellant in third action.

*Dugan, Barkhuff & Dugan* [*Kenneth J. Dugan* of counsel], for the defendant-respondent in first two actions, *Doyle & Heffernan,* for the plaintiff-respondent in third action.

SCHENCK, J. The moving of these cases by respondents for trial when they were reached on the day calendar was equivalent to a trial. (*Jones* v. *Case,* 38 How. Pr. 349, 351.)

But the inquest directed in No. 3 appears never to have been taken, so that with the adjournment of the term the question sought to be raised by the appellant in No. 3 has really become academic.

Referring to the three cases in the order in which their titles appear on the cover of the Record on Appeal:

In No. 1, the decision putting the case over the term was simply a ruling made in the course of the trial, on which no order could properly be entered. The same is true of the decision in No. 3, directing an inquest. (*Jensen* v. *Union R. Co.*, 260 N. Y. 1, 4, 5; *Reade* v. *Halpin*, 180 App. Div. 157, 159 [Third Dept.].)

Nor does an appeal lie from an order entered upon either such ruling. (*Reade* v. *Halpin*, *supra*; *Kramer* v. *U. S. F. & G. Co.*, 212 App. Div. 644.)

Hence the appeal taken by the plaintiff in No. 1 and by the defendant in No. 3 should be dismissed, which was the course taken in each of the last two cases above cited. (See, also, *Stevens* v. *Naumburg*, 214 App. Div. 94, 99; *Fine* v. *Cummins*, 260 id. 569.)

In No. 2 there was no default, since plaintiff-appellant appeared when the case was reached on the day calendar. (*Citizens Trust Co.* v. *Prescott & Son, Inc.*, 221 App. Div. 426, cited in *Jensen* case, *supra*, at p. 5.)

However, unless this court, on the ground of a clear abuse of discretion on the part of the trial justice, is prepared to take the control of the day calendar out of his hands and to override his dismissal of the complaint in No. 2, the judgment therein should not be disturbed. (*Continental Rubber Works* v. *Tri-Continental Corp.*, 206 App. Div. 643; *Schenectady Holding Co., Inc.*, v. *Ashton*, 204 id. 348, 350; *Warren* v. *Boehm*, 236 id. 602, 604 [Third Dept.]; *Siegler* v. *Massachusetts Accident Co.*, 255 id. 1031.)

In No. 2 the judgment and order should be affirmed, but without prejudice to a motion for a new trial to be made at a Special Term held by the justice who presided at the trial. Irrespective of the time limitation contained in section 552 of the Civil Practice Act (formerly Code of Civ. Proc. § 1002), the court below has inherent power, in the furtherance of justice, to relieve appellant in case No. 2 from the judgment therein. (*Ladd* v. *Stevenson*, 112 N. Y. 325, 332.)

Since "it is never too late to do justice," the Special Term, in the exercise of its discretion, may grant such relief upon terms, even after this court's disposition of the appeal. (*Keister* v. *Rankin*, 34 App. Div. 288, 292; *Buffalo Cold Storage Co.* v. *Bacon*, 136 id. 263, 264.)

The judgment and order should be affirmed.

CRAPSER and BLISS, JJ., concur; HILL, P. J., and HEFFERNAN, J., dissent.

Judgment and order affirmed.