THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH S. FAY and JAMES BOVE, Defendants.

Supreme Court, Special Term, New York County, September 22, 1944.

*Frank S. Hogan*, District Attorney (*Whitman Knapp* and *Joseph A. Sarafite* of counsel), for plaintiff.

*Robert J. Fitzsimmons* and *John Mooney* for Joseph S. Fay, defendant.

*Moses Polakoff* and *Samuel Mezansky* for James Bove, defendant.

COHALAN, J. In May, 1943, the defendants were indicted for the crime of extortion and for ten months thereafter the case remained in the Court of General Sessions. Despite the fact that the District Attorney controls the calendar of that court (Rules of the Court of General Sessions of New York County, rule V) and could have moved, after defendants pleaded to the indictment, for trial before any one of the nine judges of that court, the record fails to indicate that such action was taken.

In March, 1944, the indictment was, for good cause shown, (48 N. Y. S. 2d 2) transferred to this court. Displeased with this determination, the District Attorney appealed to the Appellate Division. In June, 1944, that tribunal disposed of the appeal by a ruling which held (1) that this court possessed the inherent power to transfer the indictment, (2) that the order from which the appeal had been taken was not an appealable one and (3) ordered the appeal dismissed (268 App. Div. 135).

Failing to obtain relief from the higher court, and still dissatisfied, the District Attorney now returns to this forum seeking a reargument of the original motion, basing his application solely on language found in the appellate court's decision, reading: "We agree with the contention of the People that no sufficient cause was shown to justify removal." The District Attorney admits that this language is merely "dictum," i.e., "An opinion expressed by a court, but which, not being necessarily involved in the case, lacks the force of an adjudication" (Bouvier's Law Dictionary [Baldwin Students' ed., 1934]).

There are obvious objections to the present application. One is its lack of timeliness. One applying for reargument to the Appellate Division of this court must do so within two court months (Rules of the Appellate Division of the First Department, rule VIII); an applicant to the Appellate Term of this court must act within one month (Rules of Appellate Term of the Supreme Court, First Department, rule VII). While there is no absolute rule with respect to the time within which reargument may be had in this branch of the Supreme Court, still analogy applies, and there does exist the requirement of reasonable promptness which is unsatisfied by a delay of six months.

A more serious objection is that petitioner ignores the basic rules controlling all rearguments. A reargument cannot be had on *new* facts. The Appellate Division opinion is a "new fact" born in June, 1944. It could not have been known or considered the preceding March. This is ancient learning. As far back as 1891, our Court of Appeals, in *Fosdick* v. *Town of Hempstead* (126 N. Y. 651) held that: "a motion for reargument should be founded on papers showing that some question decisive of the case and duly submitted by counsel has been overlooked by the court, or that the decision is in conflict with the statute or a controlling decision to which the attention of the court was not drawn through the neglect or inadvertence of counsel." The substance of that decision is now embodied in rule XX of the Rules of the Court of Appeals and in rule VIII

of the Rules of the Appellate Division, First Department. Petitioner does not argue that the facts were incorrectly stated in the original decision; that any fact then in existence was overlooked; that the decision, as made, was or is in conflict with any statute or controlling decision or that any law then cited was not and is not still the law of this State. Further, there is no contention advanced that his office, through neglect or inadvertence, was guilty of any omission or error in presenting the facts or in arguing the law.

Were the District Attorney a private litigant this opinion might well end here. But he is a quasi-judicial public official, and for that reason alone, further discussion is deemed advisable.

Passing for the moment rulings which those untutored in the law may regard as technical, let us further examine the District Attorney's argument and further analyze the Appellate Division's opinion. Its basic rulings (Nos. 1, 2 and 3, *supra*) clearly indicate that it was without power to affirm, reverse or modify the decision of the court below. To all intents and purposes, that order stands as if no appeal had been taken therefrom. This long-established and well-settled law is further fortified by the appellate court's citation of authorities enunciating such a rule. (*People* v. *Zerillo*, 200 N. Y. 443, 446; *People* v. *Brindell*, 194 App. Div. 776; *People* v. *Mellon*, 261 App. Div. 400, 401; *People* v. *Faricchia*, 44 N. Y. S. 2d 269, appeal dismissed, App. Div., Second Dept., Feb. 7, 1944, N. Y. L. J., Feb. 8, 1944, p. 525, col. 2.)

The District Attorney cites *Matter of Fay* (291 N. Y. 198). Examination of that authority reveals that our highest court, while properly entertaining the appeal, reversed the determination of the lower court and remitted the matter for a rehearing. In the matter here under consideration the appellate court spcifically held that it was without jurisdiction and dismissed the appeal. Perusal of the cases cited in the *Fay* decision discloses that in every instance the appellate court, while in possession of proper jurisdiction, reversed the holdings of the lower court and remitted the matters for further hearing or trial. (*Matter of Dowling*, 219 N. Y. 44; *Railroad Companies* v. *Schutte*, 103 U. S. 118, 143; *Union Pacific Co.* v. *Mason City Co.*, 199 U. S. 160, 166; *United States* v. *Chamberlain*, 219 U. S. 250, 262; *Rohrbach* v. *Germania Fire Ins. Co.*, 62 N. Y. 47, 58, 59.) Obviously, on a rehearing or new trial ordered by an appellate court every utterance of that court, including rulings and dicta, would be considered by the court below. Reversal connotes

further action. Dismissal for lack of jurisdiction denotes finality. The *Fay* decision is clearly not in point.

There remains one all-important question. Did the order of March, 1944, work an injustice to either the People or the defendants. If it did, it should be set aside, as justice to both the People and the defendants must prevail. The Appellate Division (Third Department) ruled in *Paradis* v. *Doyle* (263 App. Div. 488, affd. without opinion 291 N. Y. 503) that: " Since ' it is never too late to do justice,' the Special Term, in the exercise of its discretion, may grant such relief upon terms, even after this court's disposition of the appeal. (*Keister* v. *Rankin,* 34 App. Div. 288, 292; *Buffalo Cold Storage Co.* v. *Bacon,* 136 App. Div. 263, 264)." In answer to this court's question, the District Attorney, with commendable frankness, stated that a trial fair to both litigants will be had if the case remains in this court. It can be had with as great expedition and at no greater cost to either of the parties. And let me make this conclusion clear beyond peradventure. The Appellate Division of this Department will select the jurist who will preside at the trial. That selection may be made from among the one hundred trial justices now sitting in this State. Included in that number are many trained prosecutors (ten in the First Department alone) as well as others who preside in criminal cases under routine assignments. The records of this court clearly establish — and within the memory of the present Bench and Bar — that jurists without previous training as prosecutors rendered praiseworthy service while presiding in criminal cases. Witness the careers of Justices DOWLING, SEABURY, SHEARN and McCOOK among others who might be mentioned. Our present appellate court has among its members three jurists (MARTIN, P. J., GLENNON and COHN, JJ.) who have served with distinction and public acclaim in such assignments.

It is footless to argue that the Appellate Division, with a wisdom born of the combined knowledge of its members as to the ability and fair-mindedness of each of the one hundred available jurists, would fail to make a proper and satisfactory designation.

This exhaustive résumé of the basic facts and applicable law has been made to the end that it be clearly apparent that a fair and impartial trial will necessarily obtain in this court, and that there is no legal reason or requirement of justice why the original order of March 15, 1944, should be set aside.

The motion is denied.