MARTIN CONNELLY, JR., an Infant, by MARTIN CONNELLY, His Guardian ad Litem, Respondent, *v.* JOHN CARRIG, Appellant.

MARTIN CONNELLY, Respondent, *v.* JOHN CARRIG, Appellant.

**Negligence — machinery — injury to child through his inserting a finger in spout of coffee grinder — insufficiency of evidence to warrant direction of verdicts for damages — burden upon plaintiffs to show grinder required guard and its absence was proximate cause of injury.**

Evidence that an infant ten years of age entered defendant's grocery store to make purchases and, hearing the noise of a coffee grinder, the manner of operation of which was familiar to him, went to the place where it was located and, inserting his index finger in the spout, had the end thereof taken off, is insufficient to warrant the direction of a verdict for plaintiffs in actions to recover for the injury and for loss of services and expenses, there being no claim that the machine was of unusual construction or that its appearance was such as to naturally attract a child and no proof that any usual or customary guards were omitted. The burden was upon the plaintiffs to prove that the grinder required a guard and that the failure to have it was the proximate cause of the injury.

*Connelly* v. *Carrig*, 215 App. Div. 832 (2 cases), reversed.

(Argued November 24, 1926; decided December 31, 1926.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 20, 1926, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Everett W. Bovard* and *Norman G. Hewitt* for appellant. No negligence was established against the defendant nor was any cause of action in nuisance proved, and plaintiff's own heedlessness was the sole cause of his injuries. (*Holbrook* v. *Aldrich*, 168 Mass. 15; *Roche* v. *N. Y. Edison Co.*, 84 Misc. Rep. 427.)

*John H. W. Krogmann* for respondent. One maintaining a machine which is of such a nature that he knew or should have known its dangers, is responsible in damages for injuries caused to one lawfully upon the premises as an invitee. (*Sarapin* v. *Corrugated Paper Mills Co.*, 209 App. Div. 377; *Schmidt* v. *Cook*, 23 N. Y. Supp. 799; *Wittleder* v. *Electric Co.*, 47 App. Div. 410; *Caruso* v. *Troy Gas Co.*, 153 App. Div. 131; *Lee* v. *Bill Poster Co.*, 190 App. Div. 742; *Jonnasch* v. *Standard Gas Light Co.*, 4 N. Y. Supp. 542; *Gumbrel* v. *Flannegan Brewery Co.*, 199 App. Div. 778; *Dorsey* v. *Chautauqua*, 203 App. Div. 251.)

McLAUGHLIN, J. Two actions — one by an infant to recover damages for personal injuries on the ground that the same were caused by defendant's negligence; the other by the father of the infant to recover damages for the loss of services and for expenses of medical treatment in caring for the injury. The answer in each action denied the allegations of negligence set out in each complaint. The actions were tried together.

At the trial it appeared that the defendant had a small grocery store in which was a coffee grinder operated by electricity. The infant plaintiff testified that at the time of the accident he was about ten years old; that he entered the store of the defendant on the 15th of December, 1923, for the purpose of making some purchases; that when he entered the store he heard the noise of the coffee grinder and went over to the place where it was located; that he had frequently seen the coffee grinder prior to that time and knew it was operated by electricity

and when the current was on and off, and that the grinder would continue to run for a few seconds after the current was turned off. The infant plaintiff, when he reached the coffee grinder, inserted his index finger in the spout out of which the ground coffee came with the result that the fleshy part of the end of the finger and a portion of the nail were taken off; the finger was not otherwise injured.

At the conclusion of the evidence both sides in each action moved for the direction of a verdict. The jury was thereupon discharged and the court subsequently granted plaintiff's motion in each action and directed a verdict in favor of the infant plaintiff for $600 and a verdict in favor of the father for $100. Judgments to this effect were entered from which defendant appealed. The Appellate Division affirmed, one of the justices dissenting, the judgment in each action. Defendant then appealed to this court. On the appeal both actions were argued together and from the same record.

I am of the opinion that the judgment in each action should be reversed and the complaint dismissed. The evidence is to the effect that this was an ordinary coffee grinding machine — one commonly used in small grocery stores. There was no claim that it was of unusual construction or that its appearance was such that it would naturally attract a child of the age of the plaintiff. There was no proof that any usual or customary guards were omitted. The burden was upon the plaintiffs to prove that the grinder required a guard and that the failure to have such guard was the proximate cause of the injury to the infant. The accident did not occur by the infant inadvertently slipping or falling against the grinder. On the contrary, he deliberately and intentionally, according to his own testimony, inserted his finger in the spout from which the ground coffee came. He did this for the purpose of getting, if he could, some of the unground coffee.

I am unable to see, upon the foregoing statement of facts, upon what principle defendant could be held liable. He had a right to have the coffee grinder in his store, and he had a right to use it in connection with the business conducted therein. There was nothing to indicate that it was not adequately protected or that any protection was necessary. The citation of authorities is unnecessary to show that the plaintiff in each action failed to establish a cause of action.

It follows that the judgment in each action should. be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.