ANTHONY ROBERTO, Respondent, v. THOMAS NIELSON, Appellant.— In an action to recover damages for personal injuries sustained as the result of the alleged negligent operation of an automobile by the defendant, judgment for plaintiff reversed on the law and a new trial granted, with costs to abide the event. Except as to that part of defendant's Exhibit B for identification which states " but evidently, after a day of beer & wine drinking, he was somehow involved in an auto accident," the exclusion of the other portions of the hospital records (Defendant's Exhibits B and C for Identification) was erroneous. Hospital records are to be admitted in evidence pursuant to section 374-a of the Civil Practice Act. (*Meiselman* v. *Crown Heights Hospital*, 285 N. Y. 389, 396, 397.) Lazansky, P. J., Carswell and Taylor, JJ., concur; Hagarty, J., concurs in result, being of opinion that Exhibit B, as a hospital record, should have been admitted in its entirety under the doctrine enunciated in *Meiselman* v. *Crown Heights Hospital* (*supra*). Close, J., dissents and votes to affirm on the ground that certain portions of both Exhibits B and C were incompetent, and that certain other portions which may have been competent were not separately offered.

CHARLES SALPETER, on Behalf of Himself and on Behalf and for the Benefit of All Other Stockholders of THE LIQUID CARBONIC CORPORATION, Similarly Situated, Respondent, v. OSCAR BAUR and Others, Defendants; HARRY W. COLE and Others, Appellants.— In an action by a stockholder on behalf of himself and of others similarly situated to recover as against officers and directors who diverted assets of the corporation for the personal benefit of officers of the corporation and made an overpayment for the value of stock of a corporation which was owned and controlled by one or more of its officers, and against one who acted as agent and assisted in these alleged wrongful acts, order, in so far as appealed from, denying motions to dismiss the first cause of action for insufficiency and on the ground that it was barred by the Statute of Limitations, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston and Taylor, JJ., concur; Close, J., not voting.