GERTRUDE G. ERICKSON, as Administratrix of the Estate of WILLIAM M. GRAMM, Deceased, Respondent, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant.

Third Department, December 29, 1942.

*Carter & Conboy* for appellant.

*Archibald C. Wemple* for respondent.

FOSTER, J.   Defendant insurance company appeals from a judgment entered upon the verdict of a jury and in favor of the plaintiff for the sum of $320.   The action was commenced to recover sick benefits provided for in a policy of insurance issued by the defendant to plaintiff's intestate.   The defense was that plaintiff's intestate made false answers in his application for the policy.

The questions and answers involved are as follows: " Do you certify to the best of your knowledge and belief that you are free from diseases and infirmities, and that you have never been treated for nor advised that you have tuberculosis, except as follows?   Yes.

" Have you within the past five years had medical or surgical advice or treatment, or any departures from good health, or have you had, or been advised to have, an operation?   If so, state when and what, and duration.   No."

The policy was issued on November 15, 1939.   In January, 1940, plaintiff's intestate had an attack of high blood pressure and hypertension which disabled him for approximately one month.   In October, 1940, he had an operation for a prostate condition, and at the time he was suffering from high blood pressure.   In April, 1941, he suffered another attack which was diagnosed as malignant hypertension (high blood pressure), and this attack disabled him for the period for which sick benefits were sought.

The only evidence to sustain the defense was given by the intestate himself, either by direct testimony or through the medium of statements alleged to have been made to third persons.   He admitted on the trial that in 1937 he had been given a routine physical examination by a physician in the course of

his application for a police position in the city of Rochester. During this examination the physician representing the city told him that he had a tendency toward high blood pressure, gave him a few white pills to take and asked him to leave a sample of his urine. The intestate left a sample of urine as requested and never heard any more about the matter. The physician in question was not called to testify on the trial.

After the disabling attack in April, 1941, and on the second day of July of the same year the intestate signed a written statement prepared by an attorney and adjuster representing the defendant. According to this statement the intestate is said to have recited that he became aware of his blood-pressure condition in 1931 when he was examined as an applicant for a police job in Rochester, N. Y. He was told, so the statement continues, that he had high blood pressure and that there was no need of his trying to get on the police force; that the medical examiner prescribed the use of luminol tablets and gave him a supply of them; that such tablets were used by him from 1931 until 1940 with no disability or any symptoms of the disabling condition. The intestate did not deny that he made the statement, but it is argued in his behalf that at the time he signed it he was too ill to read it. He also asserts that the examination in question was made in 1937 and not 1931.

In addition to the foregoing Dr. Frishman was called on the trial and testified on behalf of the defendant as to intestate's hospital record. It appears that during the month of October, 1940, intestate was admitted as a patient into the Strong Memorial Hospital at the city of Rochester. At the time of his entry into the hospital a record of his so-called medical history was taken by the doctor. The relevant portion thereof is as follows: " * * * 34 years old. The man has no particular complaint except the fact that he has marked hypertension as noted in 1937 while having a routine physical examination. The doctor stated the patient suffered from hypertension and advised the patient to have a check-up. The patient disregarded this advice and apparently enjoyed good health until January 12, 1940 * * *."

The intestate was also a patient at the Ellis Hospital in Schenectady. On his admission there in July, 1941, the hospital records indicate that his previous symptomatic history was taken and the following entry was made: " Has been doctoring for high blood pressure last six years."

When the last record was offered in evidence the trial judge ruled: " There being no objection to the record except to the history appearing therein the hospital record will be received,

,and so far as the history is concerned, the history will be received to show that the record was made but not as proof of the truth of the statements appearing therein." In his charge to the jury the trial judge placed the same limitation upon the evidentiary value of the historical part of the Ellis Hospital record.

These rulings were erroneous. If the historical part of the record was admissible at all its weight was for the jury and not for the court. We think it was admissible under section 374-a of the Civil Practice Act. Moreover, we also think the verdict was against the weight of evidence under the theory upon which the case was tried. Apparently it was assumed that if the intestate had knowledge of a blood-pressure condition prior to his application for the policy, then in the light of such knowledge he answered the questions falsely. Under such a theory the weight of the evidence is clearly to the effect that he did have such knowledge. Apparently no consideration at all was given to the question of whether the pressure was so considerable or significant that it would be characterized as a disease, infirmity or departure from ordinary health, in the common speech of men. And yet such may well have been the test. (*Silverstein* v. *Metropolitan Life Insurance Co.*, 254 N. Y. 81.)

The judgment should be reversed and a new trial granted with costs to abide the event.

Crapser and Schenck, JJ., concur; Hill, P. J., and Heffernan, J., dissent.

Judgment reversed on the law and facts and new trial granted with costs to abide the event.