JOSEPH DEL RE, an Infant, by TESSIE DEL RE, His Guardian ad Litem, Respondent, et al., Plaintiffs, *v.* CITY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, Second Department, July 1, 1943.

*Robert H. Schaffer, Acting Corporation Counsel (Daniel A. Riordan* and *Joseph T. McEntee* of counsel), for appellant.

*Louis L. Friedman* and *Irving D. Josefsberg* for respondent.

STEINBRINK, J. The infant plaintiff herein sustained injuries while riding as a passenger on one of the defendant's trains. His testimony that he was thrown from the seat and that he sustained his injuries when the train made an " unusual " stop at the Bay Parkway station was contradicted by two of his traveling companions, who testified that he was caused to fall when pushed by another boy with whom he was then playing. A hospital record of the infant plaintiff was received in evidence over objection of defendant's counsel that it contained hearsay. The passage in the record to which the objection was directed was that the " patient was riding in subway, when it came to a sudden stop, at 25th Ave. & 86th St." In view of the specific objection, admission of the entire record was error. (*Roberto* v. *Nielson,* 262 App. Div. 1035, affd. 288 N. Y. 581; *Constantinides* v. *Manhattan Transit Co.,* 264 App. Div. 147.)

The record of any act, transaction, occurrence or event is admissible in evidence as proof thereof " if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter." (Civ. Prac. Act, § 374-a.) It was the business of the hospital to diagnose the patient's condition and to treat him, not to record a statement derived from an unidentified source describing the manner in which the patient's injuries were sustained. (See *Palmer* v. *Hoffman,* 318 U. S. 109.) Nothing here said is in conflict with *People* v. *Kohlmeyer* (284 N. Y. 366). That was a criminal action wherein a defense of insanity was interposed. Hospital records of defendant's paternal grandmother, containing diagnoses of her mental condition, were held admissible as " records of an act, transaction, occurrence or event made in the course of the doctor's profession * * *." Nor is it in conflict with *Meiselman* v. *Crown Heights Hospital* (285

N. Y. 389), in which it was held error to exclude hospital records on the ground that the physician who made the entries was available in court as a witness. The objection in that case was a general one, not directed to any specific entry in the record.

The only issue in the case is whether the infant plaintiff fell because of the train's "unusual" stop or whether he was pushed by one of his traveling companions. The issue was an extremely close one and in the circumstances it cannot be said that the admission of the hospital record containing a hearsay statement supporting plaintiff's version of the occurrence was not prejudicial to the defendant. (*Fink* v. *Glauber*, 121 N. Y. S. 297.)

The judgment should be reversed upon the law, and a new trial granted, with thirty dollars costs to the defendant to abide the event.

MacCrate and Smith, JJ., concur.