Rose Berman, Respondent, v. Paul G. Gravenhorst, Appellant, et al., Defendants.— Action to recover damages for personal injuries suffered by plaintiff, who is alleged to have fallen on a step in the hall of a two-family house. Judgment in favor of plaintiff, entered on the verdict of a jury, reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The verdict is against the weight of the evidence. The portion of the hospital records offered by the appellant should have been admitted. The matter offered was not of a groundless opinion nature as in *Roberto* v. *Nielson* (262 App. Div. 1035, affd. 288 N. Y. 581). Close, P. J., Hagarty, Adel and Taylor, JJ., concur; Johnston, J., concurs on the second ground stated, i. e., erroneous exclusion of hospital records.

Constance Elderd, an Infant, by John Elderd, Her Guardian ad Litem, et al., Respondents, v. City of New York, Defendant, and Marietta Moniz, Defendant-Appellant.— In an action by the infant plaintiff to recover damages for personal injuries, and by her father for medical expenses and loss of services, judgment for plaintiffs reversed on the facts and a new trial granted, with costs to appellant to abide the event. The verdict is against the weight of the credible evidence. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

Clarence Fillis, Respondent, v. George W. Wahlig et al., Copartners Doing Business under the Name of Park Service Station, Appellants.— In an action to recover damages for personal injuries sustained by reason of the alleged negligence of defendants, judgment in favor of plaintiff reversed on the law, with costs, and the complaint dismissed on the law, with costs. Plaintiff left an office in the rear of a showroom on the westerly side of a building facing the gasoline pumps of defendants' service station. To leave the building he was simply required to go straight ahead through the lighted and unobstructed showroom to the entrance ordinarily employed. Instead, he turned to his right, went through a door into a shop in the center of the building and proceeded thence to his left to leave the building by means of a narrow passageway between a wall and an open greasing pit obstructed, to his knowledge, by a radiator and a metal track used to guide automobiles onto the pit. It was approximately a half hour after sundown and so dark that plaintiff was unable to see the pit, although he knew its approximate location and lack of a barrier by reason of his familiarity with the premises. While passing the radiator he stumbled against a piece of upraised metal at the track or at the lip of the pit and fell into the pit. He had no business in the shop either as an accountant who audited the books on occasion, or as a customer whose car had been serviced and was then outside. Defendants owed him no affirmative duty with respect to the passageway, which was not shown to have been improperly maintained in view of its primary use for employees working on cars on the rack. (*Garthe* v. *Ruppert*, 264 N. Y. 290, 294.) In any event, in forsaking a safe way and adopting a hazardous one, plaintiff voluntarily assumed the risk and was guilty of contributory negligence as a matter of law. (*Owen* v. *Westchester Country Club*, 264 App. Div. 796, affd. 289 N. Y. 819.) In the light of their motion to dismiss and their exception to its denial at the close of plaintiff's case, defendants sufficiently made known their position, despite failure to note an exception to the denial of their motion to dismiss at the close of the entire case. (Civ. Prac. Act, § 445.) Hagarty, Adel and Taylor, JJ., concur; Close, P. J., and Johnston, J., dissent and vote to affirm. [See *post,* p. 826.]