DESSI WILLIAMS, Appellant, v. MERVIN K. ALEXANDER, Respondent.— In an action to recover damages for personal injuries, plaintiff appeals from a judgment in favor of defendant entered upon a jury verdict. Judgment affirmed, with costs. No opinion. Nolan, P. J., Wenzel and MacCrate, JJ., concur; Beldock, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: This action presented a sharply disputed question of fact. Plaintiff claimed that, as he was crossing a street, he was struck and injured by defendant's car, which was driven up to an intersection without stopping or diminishing speed until it struck plaintiff. Defendant claimed that he had stopped his car near the intersection and that his car was pushed into plaintiff by another car which struck it from the rear. Early in the trial and before plaintiff testified, his counsel offered in evidence those portions of the hospital record relating to diagnosis, prognosis, and treatment. Defendant's counsel then offered the remainder of the record. Plaintiff's counsel objected to the history portion as hearsay. The objection was overruled, and the entire hospital record was received in evidence. The history portion of the record contained a notation that the patient (i.e., plaintiff) stated " that he was crossing the street and an automobile ran into another automobile that was at a standstill causing this car (standstill) to run into him. His right leg was therefore caught under the wheel of the car and he suffered a fracture of the right leg. He was given first aid at the scene of the accident and brought here for " X ray. In my opinion, the admission of the history portion of the hospital record as to the manner in which the accident happened was prejudicial error. Those portions of hospital records are admissible under section 374-a of the Civil Practice Act which the Trial Judge finds are made in the regular course of hospital business and that it is the regular course of hospital business to make such record. (*Meiselman* v. *Crown Heights Hosp.*, 285 N. Y. 389; *People* v. *Kohlmeyer*, 284 N. Y. 366.) However, it is not the regular course of the business of a hospital as a hospital to make a detailed record of the exact manner in which an accident occurs, where those details have no bearing on the question of diagnosis or treatment. Assuming that it may have been important in the case at bar for the hospital to know that plaintiff was struck by an automobile in order to help in the determination of the nature and extent of his injuries, it was not necessary for the hospital to know whether the car which struck plaintiff ran into him of its own force or whether it was pushed by another car. The history portion of the hospital record in the case at bar

was inadmissible because it may not be said that it was in the regular course of hospital business to make the particular record here made. In *Roberto* v. *Nielson* (288 N. Y. 581) it may fairly be said that the history portion of the hospital record there admitted contained recitals of facts and statements made by plaintiff bearing on his condition and injuries which were necessary for his diagnosis and treatment. Where the doctor who records the history portion of the hospital record testifies that he obtained the facts from plaintiff, it may be admissible as an admission against interest (*Roberto* v. *Nielson, supra; Erickson* v. *Commercial Cas. Ins. Co.,* 265 App. Div. 327; *Berman* v. *Gravenhorst,* 267 App. Div. 781; *Shaffrin* v. *Cooper,* 267 App. Div. 834) or perhaps as a record of a past recollection. In the case at bar, the physician who made the entries was not called to testify. Where the exact manner of the happening of the accident is related to the diagnosis and treatment for which plaintiff goes to the hospital, the history portion of the hospital record has been excluded, where it appeared that the information did not come from the injured plaintiff. (*Dougherty* v. *City of New York,* 267 App. Div. 828, affd. 295 N. Y. 786; *Hartig* v. *Brooklands, Inc.,* 268 App. Div. 869; *Del Re* v. *City of New York,* 180 Misc. 525.) In the case at bar, after the hospital record had been admitted, plaintiff denied making the statement in question. Whether or not the information as to the manner of the happening of the accident came from plaintiff, that part of the history was nevertheless inadmissible because it had no relation to diagnosis or treatment. Schmidt, J., dissents with the following memorandum: I dissent and vote to reverse the judgment and to grant a new trial for the reasons set forth by Mr. Justice BELDOCK in his dissenting memorandum, and upon the following additional grounds: When it is considered that the doctor who took the history was not called to testify, that plaintiff denied making the statement ascribed to him, that he testified that defendant was present in the emergency room of the hospital immediately after the accident and talked to the doctor there, that the statements in the hospital record conform to the theory of the accident exactly as set forth by the defendant and differed entirely from the theory of plaintiff and his witness and defendant's witness, Ida Frank, and that the Trial Justice characterized the verdict as " outrageous " and " an unfortunate miscarriage of justice ", all of the circumstances surrounding the trial indicate that the verdict was against the weight of the credible evidence and that the interests of justice require a new trial.