■ James M. Gallagher, Appellant, v. Sears Roebuck & Co., Inc., Respondent.— In an action to recover damages for personal injuries, the appeal is from a judgment dismissing the complaint at the close of plaintiff's case and from an order granting a motion to dismiss the complaint on the ground that plaintiff was guilty of contributory negligence as a matter of law. After defendant overhauled the unit, motor and compressor head of plaintiff's refrigerator, purchased from defendant about eight years before, defendant reinstalled the parts therein. Within a half hour, plaintiff's wife noticed an odor of gas. As the result of a telephone call to plaintiff, then at his office, she pulled out the electric plug, opened the kitchen windows, shut the kitchen door, and went with her three children to another part of the house. When plaintiff arrived home about an hour or an hour and a half later, he opened the refrigerator door, put his head close to the door jamb of the refrigerator to find out where the leak was, and suffered injuries as the result of inhalation of sulphur dioxide gas, used as the refrigerant. Judgment reversed and new trial granted, with costs to abide the event. In our opinion, the question of contributory negligence was one of fact. (*Schmeer* v. *Gas Light Co.*, 147 N. Y. 529; *Lee* v. *Troy Citizens' Gas-light Co.*, 98 N. Y. 115.) Appeal from order dismissed, without costs. No such order is printed in the record. Beldock, Acting P. J., Hallinan and Kleinfeld, JJ., concur; Murphy and Ughetta, JJ., concur insofar as the appeal from the order is dismissed, but dissent insofar as the judgment is reversed and vote to affirm the judgment, with the following memorandum: About a half hour after the refrigerator had been repaired, plaintiff's wife called him at his office and told him gas was escaping. He advised her to pull the plug of the refrigerator, open the kitchen windows, close the door, and keep herself and her children in the front part of the house. An hour or so later, plaintiff came home and, even before removing his hat and coat, entered the kitchen. He testified as follows: " Well, my wife let me in the front door and I walked past her into the kitchen, through the dining room into the kitchen, and I had my hat and coat on. I walked over to the refrigerator door, opened it, leaned down, stuck my head to the door jamb to see if I could tell if there was anything wrong. We assumed that the gas was coming from the refrigerator. As I leaned down and stuck my head in — I had been exerting myself coming into the house — I took a deep breath, apparently, and got a good whiff of this gas, or whatever it was that was coming out. " By the plaintiff's own admission he was cognizant and deeply apprehensive of the danger. We think the rule is that a person who knowingly and willfully is heedless of ordinary

precaution in a place of known danger assumes the risk and is guilty of contributory negligence as a matter of law. (*Fillis* v. *Wahlig*, 267 App. Div. 781; *McNamee* v. *Western Union Tel. Co.*, 140 App. Div. 874; *Connelly* v. *Carrig*, 244 N. Y. 81; *Zobel* v. *City of New York*, 300 N. Y. 490; *Fredendall* v. *Abraham & Straus*, 279 N. Y. 146.)   [See *post*, p. 928.]