■ MARY E. ARGENZIANO, Respondent, v. R. D. J. HOLDING CORP., Appellant.— In an negligence action to recover damages for personal injuries, defendant appeals from an interlocutory judgment of the Supreme Court, Richmond County, entered January 24, 1973, in plaintiff's favor on the issue of liability only, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were urged by appellant and none have been considered. The trial court refused to permit defendant to put into evidence a portion of plaintiff's emergency room hospital record wherein it was recounted that plaintiff fell outside of defendant's building. The physician who had taken the history testified that he recognized the record as having been written in his handwriting. In addition, he identified his signature thereon and stated that this history was taken on the day that plaintiff was taken to the hospital to be treated for injuries allegedly sustained by her in a fall on defendant's premises. Although he could not recall the incident independently and his recollection of the facts was not refreshed by his in-court reading of the record, he did testify that he had taken the history from plaintiff. It is plaintiff's position that she fell inside of defendant's premises. Since the attending physician stated that he had taken a contrary statement from her on the date of the alleged accident, we think that the statement contained in the history portion of plaintiff's hospital record should have been admitted into evidence as an admission against plaintiff. The trial court's ruling to the contrary was error (Roberto v. Nielson, 262 App. Div. 1035, affd. 288 N. Y. 581; Del Toro v. Carroll, 33 A D 2d 160, 165; Richardson, Evidence [9th ed.], § 233, p. 227). Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.