■ LADA WEINBERG, Appellant, v REMYCO, INC., Doing Business as NEW YORK WHOLESALE, et al., Respondents. [780 NYS2d 625]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated August 19, 2003, as denied her motion to vacate a prior determination of the same court made on June 23, 2003, which granted the defendants' application, in effect, to declare a mistrial and set aside a jury verdict on the issue of liability.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]; *Mehar v City of New York*, 260 AD2d 554 [1999]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly fell down a staircase inside the defendants' premises when one of the defendants' salesmen accidentally bumped into her. After a trial on the issue of liability, the jury found that the defendants' negligence was the sole proximate cause of the accident.

Before commencing the damages portion of the trial, the court held a conference wherein the attorney for the plaintiff disclosed that the pertinent hospital records had been sent to the office of the plaintiff's counsel, rather than to the courthouse as specified in the plaintiff's subpoena. Moreover, the plaintiff's attorney neither delivered these records to the courthouse nor informed the defendants that she was in possession of them. Although the plaintiff's counsel produced her copy of the hospital records at the conference, defense counsel noted that these were more extensive than the records which he had received in response to an authorization which he had delivered to the hospital. Two of these newly-produced hospital records indicated that the plaintiff fell down the stairs when she accidentally stepped backwards while reaching for a coat. This version of the accident was in accord with the testimony of the defendants' employees who allegedly witnessed the accident.

In light of this development, defense counsel made an oral application for a "mistrial so we can redo liability." After argu-

ment, the court declared a mistrial and set aside the liability verdict. Thereafter, in the order appealed from, the court denied the plaintiff's motion to vacate its "mistrial ruling." We affirm.

When a court has designated a clerk to receive hospital records pursuant to CPLR 2306 (b), the records must be delivered to the clerk in a sealed envelope to the court (*see* CPLR 2306 [b]). This ensures that all parties are given "a full opportunity to inspect the materials in advance of their use" and prevents any surprises (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2306:1; *cf. Matter of Weinberg*, 129 AD2d 126, 136 [1987]). Here, this procedure was not followed. Moreover, the records contained a statement which, if proven to be attributable to the plaintiff, would be admissible and would seriously contradict her trial testimony regarding the proximate cause of her fall (*see Barzaghi v Maislin Transp.*, 115 AD2d 679, 687 [1985]; *Mikel v Flatbush Gen. Hosp.*, 49 AD2d 581 [1975]; *Argenziano v R.D.J. Holding Corp.*, 42 AD2d 970 [1973]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the court's prior "mistrial ruling." Santucci, J.P., Smith, Crane and Fisher, JJ., concur.