Klaar v Fedex Corp. (2022 NY Slip Op 01393)





Klaar v Fedex Corp.


2022 NY Slip Op 01393


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 300347/15 Appeal No. 15431 Case No. 2021-03511 

[*1]Deborah Klaar et al., Plaintiffs-Respondents,
v
Fedex Corp. et al., Defendants-Appellants.


KMA Zuckert LLC, New York (David Y. Loh of counsel), for appellants.
Law Offices of Charles M. Hammer, Quogue (Hillary P. Kahan of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered May 5, 2021, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing so much of the second cause of action as alleges loss of services, unanimously reversed, on the law, without costs, and the motion granted.
Defendants established prima facie that plaintiffs Arlene and Herbert Klaar, the parents of the injured plaintiff, Deborah Klaar, are not entitled to recover damages for loss of their daughter's services since they showed only that their claim rests entirely on the services Deborah performed in her employment at the two companies they own (see Barry & Sons, Inc. v Instinct Prods. LLC, 15 AD3d 62, 67 [1st Dept 2005] ["Public policy considerations . . . militate against recognition of a cause of action for the death of key personnel"]; Behrens v Metropolitan Opera Assn., Inc., 18 AD3d 47, 52 [1st Dept 2005] [corporate entity may not sue derivatively for economic loss resulting from personal injury to its employee]).
In opposition, plaintiffs failed to raise an issue of fact. They cited deposition testimony demonstrating that Deborah served as a secretary, office manager, and assistant controller at her parents' companies, that she was expected to take over the businesses and provide her parents with a monthly payment, and that she had significant difficulty fulfilling all of her many duties following the accident. They did not submit evidence that Deborah regularly performed services for them as their daughter, such as doing chores or running errands for the household, nor that they sustained any pecuniary loss as a result of her failure to do so (see Constantinides v Manhattan Tr. Co., 264 App Div 147, 151 [1st Dept 1942]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022