## VILLANO v. NEW YORK TIMES CO.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

APPEAL AND ERROR (§ 1177*)—DISPOSITION OF CAUSE—REVERSAL—ORDERING NEW TRIAL.

In a negligence case where there is no competent evidence to support the findings of negligence and contributory negligence, the case will be reversed and a new trial ordered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

Appeal from Trial Term, New York County.

Action by Raffaele Villano, as administrator, against the New York Times Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

William A. Jones, Jr., of New York City, for appellant.
Rosario Maggio, of New York City, for respondent.

PER CURIAM. The verdict of the jury that the defendant was negligent and that plaintiff was free from contributory negligence was without competent evidence to support it.

It is also clear that the declarations of the deceased and Dunlap were incompetent, and were improperly received in evidence.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event.

---

## KINGSWAY CONST. CO. v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

APPEAL AND ERROR (§ 74*)—DECISIONS APPEALABLE—DIRECTION OF VERDICT.

A ruling of the trial court upon the trial of an action before a jury denying defendant's motion for direction of verdict could be reviewed only on an appeal from the judgment rendered after the trial, under the express provisions of Code Civ. Proc. § 996, and not where there was no final judgment because of the disagreement of the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 415, 417–425; Dec. Dig. § 74.*]

Appeal from Trial Term, New York County.

Action by the Kingsway Construction Company against the Metropolitan Life Insurance Company. From an order denying its motion for direction of verdict, defendant appeals. Appeal dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Frederick C. Tanner, of New York City, for appellant.
George E. Joseph, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

INGRAHAM, P. J. This action was at law; the plaintiff demanding judgment for the sum of $10,000 for a breach of a contract to make a loan to be secured by a mortgage on real property. The case came on for trial at Trial Term before the court and a jury. At the end of the testimony the defendant moved for the direction of a verdict, which motion the court reserved without deciding it and submitted the case to the jury ordering a sealed verdict on the following morning, April 9, 1913. When the court convened on the following morning, the jury was present, but, before the announcement was made as to their conclusion, the defendant asked that its motion for the direction of a verdict be disposed of by the court before the action of the jury was announced. The court said that he would reserve a determination of the motion until after the jury had reported, and in that counsel for both parties acquiesced. The jury then announced that they were unable to agree upon a verdict; the court took the motion under advisement and subsequently denied it, entering an order denying the motion, from which order the defendant appealed.

The first question presented is whether any provision of law justified the entry of an order upon such a motion, and whether, on the appeal from such order, any question is presented to the Appellate Division. The ruling of the court was one upon the trial of the action before a jury. If the jury had agreed upon a verdict and judgment had been entered thereon, on an appeal from that judgment this court could have reviewed any ruling of the court at Trial Term, and, if the defendant was entitled to have the jury directed to find a verdict in his favor which had been denied, the court could have reversed the judgment entered upon the verdict of the jury, and upon such a motion direct a verdict under section 1317 of the Code of Civil Procedure. The power of this court to act under that section is restricted to an appeal from a judgment. The jury having failed to agree upon a verdict, no judgment was entered, and there was therefore no appeal from the judgment before the court.

Section 994 of the Code of Civil Procedure provides how and when an exception may be taken after the close of the trial by the court and referee, and section 995 provides for the taking of an exception upon the trial by a jury. Section 996 provides that a ruling to which an exception is taken, as prescribed in the preceding sections of the article, can be reviewed only upon an appeal from the judgment rendered after the trial, except in a case where it is expressly prescribed by law that a motion for a new trial may be made thereupon, and these are the only provisions of law which justify a review of a ruling made upon a trial with or without a jury. An order may be entered upon the granting or refusal to grant an application to the court, and from such an order an appeal will lie if the order affects the substantial rights; but there was here no application to the court for an order, simply a ruling made during the trial of the action to which an exception could be taken, and such ruling could be reviewed only on an appeal from a judgment as a result of the trial upon which the ruling was made.

No case is cited which recognizes the practice adopted in this case, and it is contrary to the views expressed in Brauer v. Oceanic Steam

Navigation Co., 77 App. Div. 407, 79 N. Y. Supp. 299, and Monaco v. Lange, 146 App. Div. 18, 130 N. Y. Supp. 581.

As the question as to whether or not the court should direct a verdict for the defendant is not before us for decision, we express no opinion thereon.

It follows that the appeal must be dismissed, with $10 costs and disbursements. All concur.