Appeal from Special Term, New York County.

Action by Lambert Hubbell against Mary F. Hardy. From an order on motion of Lilian M. Brown vacating an assignment from defendant to plaintiff, plaintiff appeals. Order reversed, and motion to set aside the assignment denied.

See, also, 93 Misc. Rep. 672, 157 N. Y. Supp. 497; 159 N. Y. Supp. 1102.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Bloomfield Littell, of New York City, for appellant.
John Reilly, of New York City, for respondent.

SCOTT, J. On March 8, 1915, the defendant Mary F. Hardy executed and delivered to the plaintiff herein an assignment of said defendant's claim against her deceased husband's estate, to the extent of $2,150. The consideration for this assignment is claimed to have been the advancement of moneys to defendant. On March 10, 1915, said defendant confessed judgment in favor of plaintiff for the same amount. In October, 1915, defendant moved to set aside the judgment by confession. This motion was denied, and, so far as we are advised, no appeal was taken from the order denying it. In March, 1916, one Lilian M. Brown, a subsequent judgment creditor of the defendant, moved upon affidavits in this action (to which she is not a party) to set aside the above-mentioned assignment, and from the order granting her motion this appeal has been taken.

That the order was without authority we think there can be no question. The assignment is a formal document, apparently properly executed and purporting to rest upon sufficient consideration. It was not given in the course of any judicial proceeding. It is entirely irregular to vacate and annul it summarily by a motion founded on affidavits. If it is open to attack for any cause, plaintiff is entitled to insist that such attack shall be conducted by an action legally instituted and prosecuted according to the rules governing such an action.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. Order filed. All concur.

---

(174 App. Div. 854)

### ABRAHAM v. AMERICAN EXCHANGE NAT. BANK.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

APPEAL AND ERROR ☞790(3)—ORDER WITHDRAWING JUROR—DISMISSAL.

An appeal from an order directing that a juror be withdrawn, and that the trial entered upon before him be declared a mistrial, will be dismissed, without costs, since the trial of the action was of necessity postponed until it could be moved again for trial, and a reversal would not reinstate it upon its place upon the calendar, or accomplish anything.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 47, 4383, 4384; Dec. Dig. ☞790(3).]

Appeal from Special Term, New York County.

Action by Owen E. Abraham, as assignee for the benefit of the creditors of Charles E. Ball and Louis E. Whicher, composing the firm of Ball & Whicher, against the American Exchange National Bank. From an order directing that a juror be withdrawn, and that a trial entered before him be declared a mistrial, plaintiff appeals. Appeal dismissed.

Argued before SCOTT, DOWLING, SMITH, and PAGE, JJ.

Herman Aaron, of New York City, for appellant.

L. Laflin Kellogg, of New York City, for respondent.

SMITH, J. This appeal must be dismissed, because a reversal of the order will accomplish nothing. The trial of the action is of necessity postponed until it can be moved again for trial, and a reversal of the order would not reinstate it in the place it then held upon that calendar. The dismissal should be without costs, however. The action is brought to recover moneys claimed to have been paid by the plaintiff's assignor under fraudulent representations made by the payee. These moneys were deposited in the defendant bank, and the defendant at once had notice of the fact that they were claimed to have been fraudulently acquired by the payee. It is difficult to see how any right of the plaintiff could be defeated by the bank by a paying out of the money after such notice, but without deciding upon the effect of such payment there can be no doubt that if the payment were shown it was competent to prove that such payment was made after indemnity given.

Appeal dismissed, without costs. Order filed. All concur.