RUBIN KRAMER and Others, Respondents, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

First Department, May 1, 1925.

Appeal — orders appealable — order denying motion for directed verdict made after disagreement by jury is not appealable under Civil Practice Act, §§ 457-a, 583 and 609.

An order denying a motion for a directed verdict made after the jury had disagreed is not appealable under sections 457-a, 583 and 609 of the Civil Practice Act.

APPEAL by the defendant, United States Fidelity and Guaranty Company, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 15th day of November, 1923, denying defendant's motion for a direction of a verdict in its favor.

*Prince & Loeb* [*Sidney J. Loeb* of counsel; *Leon M. Prince* with him on the brief], for the appellant.

*Kopp, Markewich & Perlman* [*Morris L. Stern* of counsel; *Nathan D. Perlman* with him on the brief], for the respondents.

MARTIN, J.:

The plaintiff seeks to recover on a policy of burglary insurance. The case was submitted to the jury after a trial lasting several days. The jury disagreed. A motion to dismiss the complaint for failure of proof was made at the close of plaintiffs' case and it was denied. A motion to dismiss on the same grounds was made at the close of the entire case and it also was denied. After the jury had disagreed the motion to dismiss the complaint was renewed and defendant moved at the same time for the direction of a verdict. These motions were denied and an exception taken.

This is an appeal from the order denying said motion to direct a verdict, made after the jury had disagreed. The defendant contends that section 457-a of the Civil Practice Act (as added by Laws of 1921, chap. 372) is authority for this appeal and requires a reversal of the order. It provides that " The judge may direct a verdict when he would set aside a contrary verdict as against the weight of the evidence." This section defines the power of the court to determine when, on the basis of the evidence adduced,

to direct a verdict. It does not purport to limit or extend the time or manner of directing a verdict.

Without passing on the question as to the time when, or at what stage of the case, such a direction must or may be made, it is clear that the statute authorizes no form of motion or direction other than such as may be made in the usual manner before the jury retires; and the granting or denial of a motion so made can have no different effect.

The order appealed from denied defendant's motion to direct a verdict. The denial was not followed by a judgment or other disposition of the action. It was in the nature of a ruling by the court during the progress of the trial, and, as in the case of such a ruling, no appeal lies excepting from an adverse judgment on appeal from which the ruling excepted to may be reviewed. (Civ. Prac. Act, § 583; *Kingsway Construction Co.* v. *Metropolitan Life Ins. Co.*, 161 App. Div. 649; *Reade* v. *Halpin*, 180 id. 157; *Jackman* v. *Hasbrouck*, 168 id. 256.)

The order is neither an intermediate order affecting a substantial right, as such a right has been defined by the courts of this State, nor is it otherwise appealable under section 609 of the Civil Practice Act; and it does not grant or deny a new trial.

The denial of a motion inspired by section 457-a, not followed by an adverse judgment, can give no more right to appeal, in the absence of a statute authorizing such an appeal, than the denial of a motion for a nonsuit or for the direction of a verdict not followed by a judgment adverse to the proponent of the motion.

In the *Kingsway Case* (*supra*) the court reserved decision on the defendant's motion to direct a verdict, and the jury disagreed before the court announced its decision. It was there held that the subsequent denial of the motion by the court gave no right to appeal. The mere entry of an order on such a denial does not make the order one affecting a substantial right. (*Kingsway Construction Co.* v. *Metropolitan Life Ins. Co., supra; Reade* v. *Halpin, supra.*) There is nothing in the language of section 457-a which shows an intention to change the rule heretofore established.

Without considering whether a trial judge has power *to direct* the jury to find a verdict after the jury have failed to agree, and assuming that, if this court examined the evidence, it would find a verdict for the plaintiff to be against the weight of the evidence, we think that the order is not appealable and that the appeal should be dismissed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, FINCH and MCAVOY, JJ., concur.

Appeal dismissed, with ten dollars costs and disbursements.