DAVID FINE, as Administrator of the Estate of WILLIAM FINE, Deceased, Appellant, *v.* GEORGE A. CUMMINS, Respondent.

Fourth Department, November 20, 1940.

*Harry Treinin,* for the appellant.

*Cosgrove, Harter, Scanlon & Wright* [*Daniel Scanlon* of counsel], for the respondent.

CUNNINGHAM, J. During the opening of the case to the jury by plaintiff's counsel he referred to certain evidence which he proposed to introduce. He said that a witness, one Savey, would testify that he made a statement to defendant with reference to his driving and that defendant did not make any reply thereto. Objection was made to this part of the opening of plaintiff's counsel, and a motion was made by defendant for a mistrial. The court denied the motion for a mistrial and instructed the jury to disregard the remarks of the plaintiff's counsel as to the proposed evidence.

The first witness sworn on behalf of the plaintiff was asked if he heard Mr. Savey say anything to the defendant and then was asked what Savey said to him. Objection was immediately made and the court ruled that the objection would be sustained. Plaintiff's counsel then said that if the court did not intend to admit such evidence, he moved for a mistrial so that the Appellate Division could pass upon the competency of the evidence. The defendant's attorney then joined in the motion for a mistrial upon the ground that his client was prejudiced by the question put to the witness. The court then granted the defendant's motion for a mistrial, with costs to date against the plaintiff. Later, an order to that effect was entered. Upon the argument of the appeal, the plaintiff's counsel conceded that he entered such order. The appeal under consideration is taken from the order.

The question now arises as to whether by the foregoing procedure a ruling made upon the trial may be reviewed.

It is provided that a ruling made during the course of the trial may be reviewed only upon an appeal from a judgment entered after the trial. (Civ. Prac. Act, § 583.) This provision of the Civil Practice Act precludes us from determining upon this appeal the question as to the competency of the evidence sought to be introduced by the plaintiff upon the trial of this action.

This leaves for consideration only the question as to whether an appeal may be taken from an order granting a mistrial.

It has generally been held that it is improper to enter an order incorporating therein a ruling made upon the trial and to appeal therefrom.

In *Pirkner* v. *Great Atlantic & Pacific Tea Co.* (171 Misc. 2) it was held that an order holding that a judgment in a prior action was not *res adjudicata* in the action under consideration and did not constitute evidence in favor of the plaintiff, was merely a ruling in the course of the trial and was not appealable.

In *Abraham* v. *American Exchange National Bank* (174 App. Div. 854) an appeal from an order granting a mistrial was dismissed, the court holding that a reversal of the order would not accomplish anything and that the order was improperly entered.

In *Brauer* v. *Oceanic Steam Navigation Co.* (77 App. Div. 407) the defendant appealed from an order denying defendant's motion for a nonsuit made during the course of the trial. It was held that the appeal was improperly taken, and the appeal was dismissed, with costs, the court holding that the disposition of a motion for a nonsuit made during the trial is part of the trial, and the correctness of the ruling of the court in refusing or granting it should be brought up for review by an appeal from a judgment in the action.

In *Kingsway Construction Co.* v. *Metropolitan Life Ins. Co.* (161 App. Div. 649) the court reserved decision upon defendant's motion for the direction of a verdict. Subsequently, the jury disagreed. Thereafter, an order was entered denying the defendant's motion. The court held that an appeal would not lie from such order because a judgment had not been entered and an appeal from a judgment was necessary for a review of the ruling.

In *Jackman* v. *Hasbrouck* (168 App. Div. 256) it appeared upon the trial of the action that a motion was made to dismiss the complaint which was denied. This decision was incorporated in an order and an appeal was taken therefrom. The court held that the denial of the motion was a ruling in the course of the trial and could be reviewed only upon an appeal from a judgment in the action. The appeal was dismissed.

In *Reade* v. *Halpin* (180 App. Div. 157) the jury in a tort action rendered a verdict in favor of one defendant and reported a disagreement as to the other two defendants. The latter immediately moved for a direction of a verdict in their favor. It was held that the denial of this motion was a ruling made during the progress of the trial and that the order entered thereon was improperly entered and was not appealable.

In *Kramer* v. *U. S. Fidelity & Guaranty Co.* (212 App. Div. 644) a motion to dismiss the complaint was made after the jury had disagreed, and was denied. It was held that the denial of the motion was in the nature of a ruling during the course of the trial and could only be reviewed upon an appeal from a judgment in the action.

In *Stevens* v. *Naumburg* (214 App. Div. 94) the court said that one of the questions to be decided was whether the order denying defendant's motions to dismiss the complaint made at the end of plaintiff's case and at the end of the trial was appealable. It was held that an order denying such motions was improperly entered and unnecessary; that the appeal was merely from rulings made by the trial court during the trial, and, like other rulings made during the course of the trial, was only reviewable upon an appeal from a judgment in the action.

In *Stephansen* v. *County of Westchester* (257 App. Div. 1050) during the trial a motion was made to dismiss the amended complaint on the ground that it failed to state facts sufficient to constitute a cause of action. An order was entered denying such motion and an appeal was taken therefrom. The court held that the order was based upon a ruling made during the trial and was not appealable, and the appeal was dismissed.

If the courts sanctioned the practice followed in this action, it would lead to numerous and useless appeals.

We believe that generally an appeal in advance of entry of judgment on questions which may be decided at the trial and which may be reviewed upon an appeal from a judgment entered after the trial, should be discouraged.

The order and the appeal are both unnecessary.

The appeal should be dismissed, with ten dollars costs and disbursements, with leave to the plaintiff to move to vacate the order so as to be relieved from any liability for costs granted upon the mistrial.

All concur. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Appeal dismissed, with ten dollars costs and disbursements, with leave to the plaintiff to move to vacate the order so as to be relieved from any liability for costs granted upon the mistrial.