SYRACUSE GRADE CROSSING COMMISSION, Respondent, *v.* M. A. WELLIN OIL COMPANY, INC., Appellant, et al., Defendants.

Fourth Department, November 10, 1943.

*Stewart F. Hancock* and *Morris Berman* for appellant.

*John H. Walrath, Arthur M. Beach* and *James C. Tormey* for respondent.

CROSBY, P. J. Plaintiff commenced a proceeding to condemn certain land for public use. The land is owned by defendant-appellant M. A. Wellin Oil Company, Inc., and the other defendants are interested as mortgagees. The commissioners, who were appointed to appraise the value of the land taken, made a report recommending an award of $15,000 to the defendants.

Plaintiff made no motion to confirm the report, and defendants made a motion " for an order confirming only that portion of the report of said Commissioners relating to the principles of law applicable to and determinative of the issues presented therein and the conclusions of law as found and stated therein, and for a vacation and setting aside of said report of the Commissioners herein insofar as it awards the M. A. Wellin Oil Company, Inc., the sum of $15,000 upon the ground that said award is inadequate, unjust and contrary to law, and for such other and further relief as to the Court may seem just and proper in the premises."

The County Court wrote a memorandum decision and made an order denying the motion of defendants, without costs to either party, and further: " Ordered, that the report of said commissioners in condemnation herein referred to be returned to said commissioners for the purpose of a further hearing or hearings, and a supplemental report in accordance with the terms of the memorandum decision " et cetera.

The owner of the land appeals from that order.

Reading the order appealed from in connection with the memorandum decision, what has happened becomes fairly obvious. At the end of the decision the court said:

"The commissioners having proceeded upon the wrong theory as to the applicability of the Building Zone Ordinance of the City of Syracuse, as above stated, * * * the report of the commissioners, should be returned to them for the purpose of further hearing and report", et cetera.

The intent of the defendants' motion is also fairly obvious. Defendants asked the court to approve the legal theory adopted by the commissioners, and to disapprove the amount awarded, and must have intended, by asking for " further relief ", to ask that the matter be returned either to the same or different commissioners, in the hope of a larger award. Indeed, in their main briefs as well as on the argument of the appeal, both sides have requested that the matter be sent back for further hearings before " a new commission ".

In other words the parties are agreed in their desire for a new hearing before a new commission, and their only difference is that the appellant seeks a decision approving the legal theory adopted by the commissioners, while the respondent requests a decision disapproving that theory.

The order appealed from is not an appealable order. (*Fine* v. *Cummins*, 260 App. Div. 569.) To appeal from such an order is like interrupting a trial to test, on appeal, a ruling of a trial court made upon a question of law. If an appeal, herein, were proper, this court would have power to " direct a new appraisal before * * * new commissioners " (Condemnation Law, § 21), but section 19 of that law makes provision for appeal to the Appellate Division from a final order only, and the order made herein is not a final order.

The appeal should be dismissed, without costs to either party.

All concur. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Appeal dismissed, without costs.