COMMISSIONERS OF THE STATE INSURANCE FUND, Respondents, *v.* E. T. CLARK CARTING CO., INC., Appellant.

Fourth Department, December 29, 1948.

*Abram R. Harpending* for appellant.

*Bernard Katzen, General Attorney of State Insurance Fund (Joseph P. Hogan, Harry Schechter, William H. Stieglitz* and *Arnold M. Herzog* of counsel), for respondents.

KIMBALL, J. One Thomas C. Ansley, while an employee of the Board of Elections of Monroe County, was injured in the course of his employment. He was awarded and took compensation. The compensation insurance was carried by the plaintiffs-respondents. Ansley commenced no third party action and the cause of action thereby was assigned to the plaintiffs. (Workmen's Compensation Law, § 29.) The plaintiffs brought this action to recover the damages for Ansley's injury. The complaint alleges in paragraph one that the plaintiffs are authorized to prosecute " for the benefit and on behalf of The State Insurance Fund, and Thomas C. Ansley * * * ". Paragraph 18 of the complaint sets out subdivision 2 of section 29 of the Workmen's Compensation Law in part which provides that in event of a recovery in excess of compensation awarded and medical expenses and expenditures necessary to effect the recovery, the carrier shall pay two thirds of the excess to the injured person. In paragraph 19 of the complaint, the plaintiff alleges that the plaintiffs " and the aforementioned Thomas C. Ansley " have been damaged. The defendant-appellant moved (Rules Civ. Prac., rule 103) to strike out the references to Ansley in paragraphs 1 and 19 and to strike out paragraph 18 which quoted the statute. The motion was denied. We think the motion should have been granted. By operation of the statute, the plaintiffs became the absolute assignees of the cause of action

which originally belonged to the injured employee, the ownership of which he, by his failure to prosecute, relinquished. (*Skakandy* v. *State of New York,* 274 App. Div. 153 and authorities therein cited.) Ansley is not a party to the action. He has no control over it, need not consent to settlement, compromise or withdrawal of it and has no interest in the cause of action as such. In the event of a recovery in excess of compensation and expenses, he would merely have an interest in the proceeds.

The portions of the complaint which defendant seeks to strike out are not necessary to a plain and concise statement of the facts constituting the cause of action and should be stricken out as being within the ban of the provisions of rule 103 of the Rules of Civil Practice.

The order should be reversed on the law and facts, with $10 costs and disbursements and motion granted, with $10 costs.

All concur except LOVE, J., who dissents and votes for affirmance. Present — TAYLOR, P. J., McCURN, LARKIN, LOVE and KIMBALL, JJ.

Order reversed on the law and facts, with $10 costs and disbursements and motion granted, with $10 costs.