JOSEPH LA GRUTTA, Respondent, v. WALTER H. BLACHLY et al., Appellants.— In an action to recover damages for personal injuries and property damage, defendants appeal from a judgment for plaintiff. Judgment reversed on the facts and a new trial granted, with costs to appellants to abide the event. In view of the removal from the case of the testimony as to stomach ulcers and a herniated disc, and the failure of the plaintiff to establish that aside from such ailments he was incapacitated for the period claimed and obliged to have medical attention testified to by his doctor as a result of the accident, the verdict is excessive. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur. [See *post*, p. 707.]

LOUIS LANDBERG et al., Appellants, v. MARGARET FOWLER, Respondent.— Appeal from an order of the City Court of the City of White Plains, granting a motion for a mistrial because of statements made to the jury by counsel for appellants in his opening dismissed, with $10 costs and disbursements. The order was within the discretion of the trial court and, in the absence of judgment, is not appealable. (Civ. Prac. Act, § 583; *Brauer* v. *Oceanic Steam Navigation Co.*, 77 App Div. 407, 408; *Abraham* v. *American Exchange Nat. Bank*, 174 App. Div. 854; *Fine* v. *Cummins*, 260 App. Div. 569, 570; *Dunbar* v. *Ingraham*, 275 App. Div. 898.) Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.

LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v. AMERICAN STEVEDORES, INC., Appellant.— Action by an insurance carrier, pursuant to subdivision 2 of section 29 of the Workmen's Compensation Law, to recover damages, as against a third party, for personal injuries sustained by a person who has received compensation payments. Order denying motion to strike out so much of the 16th paragraph of the complaint as alleges that the injured party has an interest in the outcome and result of the action, insofar as appealed from, affirmed, with $10 costs and disbursements. The interest of the injured party is as material as if he were bringing the action. To hold this factor to be unnecessary would make it appear that the insurer was endeavoring to collect and retain for himself all of the damages for the injury in excess of its payments by way of compensation and expenses. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.