COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* WILAKA CONSTRUCTION COMPANY, INC., et al., Defendants.

Supreme Court, Special Term, New York County, January 14, 1952.

*Rudser & Mulligan* for Lipsky & Rosenthal, Inc., defendant.

*Bernard Katzen* for plaintiffs.

STEUER, J. The action is by a compensation carrier on a subrogated claim. The complaint contains an allegation that the injured person has an interest in the outcome of the litigation. Defendant moves to strike that allegation from the complaint. It appears that this question has never previously arisen in this department, and in the two departments where it has been adjudicated, the fourth and the second, opposite results have been reached (*Commissioners of State Ins. Fund* v. *Clark Carting Co.*, 274 App. Div. 559; *Liberty Mut. Ins. Co.* v. *American Stevedores, Inc.*, 278 App. Div. 661). The result depends on which point of view is taken.

The case can be tried completely without any proof in regard to the interest of the injured person in any recovery in excess of the compensation paid. On the other hand, it is not unlikely that a jury would be more sympathetic to a claim in which they knew the injured person would participate than they would to an insurance carrier alone. There is no doubt that this is the real reason for including the allegation and the opposition to it. In view of the contradictory attitudes which are the basis of the rules regarding what the jury should be told, attitudes running from realistic cynicism to blind faith, it is difficult to say which determination would fit the existing pattern best. The assumption that the jury will decide in accordance with the instructions would render the allegation unnecessary. It is on this basis that the allegation is stricken and the motion granted.