Michael Catalaho, J.
The defendant moves for an order striking ont of the complaint, pursuant to rule 103 of the Rules of Civil Practice, the following matters as ‘ ‘ frivolous, irrelevant and redundant,” from paragraph 18, “ and that the said Thomas G-. Steele is entitled to the recovery herein or a portion thereof over and above the amounts for compensation, hospital and medical expenses heretofore or hereafter paid by the plaintiff,” and from paragraph 19, “ the said Thomas G. Steele was damaged ”.
The complaint alleges, in effect, a cause of action under section 29 of the Workmen’s Compensation Law based upon an accident on June 6, 1955, resulting in personal injuries to the plaintiff’s employee, Thomas G. Steele, at the plaintiff’s plant in Oakfield, Genesee County, New York. It further alleges that Mr. Steele suffered severe burns caused by the defendant’s negligence in installing a steam generating unit; that he received compensation under an award made June 21, 1956; that on January 22,1958, the plaintiff notified him that a failure to commence an action against this defendant would result in an assignment of this cause of action to the plaintiff in accordance with the Workmen’s Compensation Law; that he failed to do so.
The defendant argues that the motion be granted upon the authority of one case, namely, Commissioners of State Ins. Fund v. Clark Carting Co. (274 App. Div. 559) in which the Fourth Department granted, by a divided court of four to one, a somewhat similar motion, concerning a complaint which ‘1 sets out subdivision 2 of section 29 of the Workmen’s Compensation *574 Law in part which provides that in event of a recovery in excess of compensation awarded and medical expenses and expenditures necessary to effect the recovery, the carrier shall pay two thirds of the excess to the injured person ” and “alleges that the plaintiffs ‘ and the aforementioned Thomas C. Ansley ’ [the injured employee] have been damaged.” The only case cited by the Fourth Department was a Third Department case, Skakandy v. State of New York (274 App. Div. 153, affd. 298 N. Y. 886), which had nothing to do with rule 103 of the Buies of Civil Practice. The Clark ease was cited with approval on a different point of law by a unanimous Fourth Department, Goldman, J., speaking for the court, in Marmet v. Rankins (4 A D 2d 485, 487) decided in 1957.
The plaintiff urges that the case of Liberty Mut. Ins. Co. v. American Stevedores (278 App. Div. 661), decided by the Second Department should prevail. The Second Department, in a unanimous memorandum, stated, in part, at page 661: ‘ ‘ Order denying motion to strike out so much of the 16th paragraph of the complaint as alleges that the injured party has an interest in the outcome and result of the action, insofar as appealed from, affirmed, with $10 costs and disbursements. The interest of the injured party is as material as if he were bringing the action. To hold this factor to be unnecessary would make it appear that the insurer was endeavoring to collect and retain for himself all of the damages for the injury in excess of its payments by way of compensation and expenses. ’ ’
In Commissioners of State Ins. Fund v. Wilaka Constr. Co. (201 Misc. 148), Stetjer, J., sitting at Special Term of the Supreme Court, New York County, considered this conflict between the Fourth and Second Departments, saying (p. 149): “it is not unlikely that a jury would be more sympathetic to a claim in which they knew the injured person would participate than they would to an insurance carrier alone. * * * In view of the contradictory attitudes which are the basis of the rules regarding what the jury should be told, attitudes running from realistic cynicism to blind faith, it is difficult to say which determination would fit the existing pattern best. The assumption that the jury will decide in accordance with the instructions would render the allegation unnecessary. It is on this basis that the allegation is stricken and the motion granted.” On appeal, the First Department unanimously affirmed, without opinion (279 App. Div. 1043); then, the First Department unanimously denied a motion for leave to appeal to the Court of Appeals (280 App. Div. 759).
*575 Thus, the Fourth and First Departments concur in granting such a motion, while the Second would deny it. Apparently, the Third has not reported on the question.
The doctrine of stare decisis does not compel a judge at Special Term to follow a decision of a Special Term in another judicial district; nevertheless, he shall follow a decision made by the Appellate Division of another department, unless his own Appellate Division or the Court of Appeals holds otherwise. (Hamlin v. Bender, 92 Misc. 16, affd. 173 App. Div. 996; see, also, Maass v. Rosenthal, 62 Misc. 350, affd. 132 App. Div. 902.) Special Term should not adopt as its guide the dissenting opinion in an Appellate Division decision, even though it may appear more logical than the prevailing, since the prevailing opinion shall be accepted as the law. (Holloway v. Holloway, 187 Misc. 388.) Where the Appellate Divisions are in conflict the obvious solution is to have the Court of Appeals or the Legislature settle the question. (See Hamlin v. Bender, 173 App. Div. 996, in which the Fourth Department said: ‘ ‘ The authorities are in conflict and the questions can only be settled by the court of last resort.”)
Here, under section 29 of the Workmen’s Compensation Law, the cause of action against the defendant has been assigned by operation law to the plaintiff who is entitled to a sum equal to the total amount of compensation awarded to the injured employee, plus the expenses for medical treatment paid by it, plus reasonable and necessary expenditures incurred in effecting a recovery, plus one third of the excess, but two thirds of the excess shall be forthwith paid to the injured employee. Such an extraordinary cause of action calls for extraordinary pleadings, practice and evidence to afford adequate protection to all concerned.
As to the injured employee, justice would be best served by allowing his interest to be alleged in the complaint; allowing counsel on both sides to comment upon his interest in their openings and summations; allowing counsel to question the injured employee about his interest in direct and cross-examination; allowing the court to charge the jury upon the law affecting his interest; allowing the injured employee to have legal counsel of his own choosing to advise him of Ms rights and duties during the entire litigation, as amicus curia, or otherwise; so long as no prejudice shall result to the main portion of the cause of action in the sound, judicial discretion of the trial court.
Instructions to the jury alone are insufficient, and merely delay to the end of the trial what the jury should know from *576 the beginning. Truth and justicé are so irrevocably commingled that to stifle one is to destroy the other. Nothing less will suffice.
Nevertheless, since the court’s discretion is nullified by stare decisis in this case, the motion shall be granted.
Motion granted. Prepare and submit order accordingly.