Ftjld, J.
An employee of plaintiff United States Gypsum Company, one Thomas G. Steele, was injured in the course of his employment through the negligence of a workman for the defendant, the Biley-Stoker Corporation, while that company was engaged in installing a steam generating unit in the plaintiff’s power plant. Steele received an award of compensation in June of 1956. In the following January, the plaintiff, a self-insured employer, notified him that the omission on his part to commence an action against the defendant would operate as an assignment of the cause of action to the plaintiff pursuant to section 29 of the Workmen’s Compensation Law. Steele did not bring suit within the time limited and the plaintiff, as the former’s assignee under the statute, instituted the present action to recover damages for his personal injuries. The statute provides, in part, that, if the employer ‘ ‘ recover * * * a sum in excess of the total amount of compensation awarded to such injured employee * * * and the expenses for medical treatment paid by it, together with the reasonable and necessary expenditures incurred in effecting such recovery, it shall forthwith pay to such injured employee or his dependents, as the case may be, two-thirds of any such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee ” (§ 29, subd. 2).
The complaint before us contains the usual allegations of a cause of action for personal injuries as well as allegations required to show that the plaintiff is entitled to proceed as assignee under section 29. Specifically, after reciting that the plaintiff had paid Steele $930 in compensation and about $1,120 for hospital and medical expenses and after relating the circumstances of the assignment of the cause of action to the plaintiff, the complaint continues:
"18. * * * the said Thomas G. Steele is entitled to the recovery Herein a portion thereof [sic] over and above the amounts for compensation, hospital and medical expenses heretofore or hereafter paid by the plaintiff.
*191 “ 19. [That by reason of the foregoing,] the said Thomas Gr. Steele was damaged, [and the plaintiff has been, or will in the future be, damaged, all in the sum of $75,000.00.] ”
The defendant, considering itself prejudiced by the reference to the injured employee’s interest, moved, under rule 103 of the Rules of Civil Practice, to strike the quoted, and unbracketed, portions of the 18th and 19th paragraphs of the complaint as 1 ‘ frivolous, irrelevant and redundant ’ ’. The Justice at Special and Trial Term, believing that he was concluded by an earlier decision, granted the motion; the Appellate Division affirmed, certifying a question to us for our review.
Simply put, the issue posed is whether or not, in a suit by a carrier or self-insured employer pursuant to section 29 of the Workmen’s Compensation Law, the plaintiff is privileged to disclose, by pleadings and proof, the injured employee’s interest in the outcome. It is an issue on which the courts throughout the State have differed; the Appellate Division for the Second Department has taken the position that the employee’s interest may be alleged and proved (see, e.g., Liberty Mut. Ins. Co. v. American Stevedores, 278 App. Div. 661), while the First and Fourth Departments have held otherwise. (See, e.g., Commissioners of State Ins. Fund v. Wilaka Constr. Co., 279 App. Div. 1043 [First Dept.], affg. 201 Misc. 148; Commissioners of State Ins. Fund v. Clark Carting Co., 274 App. Div. 559 [Fourth Dept.].)
Section 29 provides for the assignment of the third-party cause of action of an injured employee primarily to enable the employer to recoup compensation costs and medical expenses. His recovery of the full measure of the employee’s damages, however,, would in many instances so greatly exceed his own losses that the statute also provides for the payment to the employee of two thirds of any recovery in excess of compensation benefits.
The jury must, of course, be apprised that the employer has paid compensation benefits and that, by operation of law, the assignment entitles him to the same measure of damages to which the employee would have been entitled had he brought the suit himself. Advised only of this, the jury could hardly escape the conclusion that any verdict for the plaintiff employer would be for his sole benefit and it would understandably be reluctant to *192 return an award of more than he had paid to the injured employee. The jurors certainly would not choose to find for the employer an amount reflecting the injury, the pain, the suffering personal to the employee, unless they knew that the latter was entitled to a portion of any excess. The prejudice to the employee in such a situation is self-evident. On the other hand, if the jury is informed that the employee has an interest in the action and in any recovery over and above the employer’s expenditures, the danger that it will return a verdict in excess of the amount of damages shown to have been suffered by the injured employee, if existent at all, is assuredly no greater than in any negligence action. Balancing one consideration against the other, we are persuaded that the risk of prejudice to both employer and employee is far greater from concealment than from disclosure of the latter’s interest.
It might, perhaps, be urged that it is sufficient merely to instruct the jury that, under the Workmen’s Compensation Law, the employee has an interest in the outcome of the suit and that, for this reason, it is not necessary to allege his interest in the complaint. That may be so, but we see no reason for keeping this fact from the jury until the close of the case. Indeed, the jury is more likely to make a just appraisal of the situation if aware from the beginning of all the factors involved. As the court at Special and Trial Term very aptly put it, ‘ ‘ Instructions to the jury alone are insufficient, and merely delay to the end of the trial what the jury should know from the beginning. Truth and justice are so irrevocably commingled that to stifle one is to destroy the other.”
The order of the Appellate Division should be reversed, with costs in all courts, and the defendant’s motion denied. The certified question should be answered in the affirmative.
Chief Judge Cowway and Judges Desmowd, Dye, Froessel, Vaw Voorhis and Burke concur.
Order of Appellate Division reversed, with costs in all courts, and matter remitted to, Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the affirmative.