MARIE KINNER, as Administratrix of the Estate of LEWIS KINNER, Deceased, Respondent, *v.* STEPHEN KUROCZKA, Appellant.

Third Department, March 21, 1961.

*W. Earle Costello* for appellant.

*Cramer, Donovan, Graner & Davidson (M. Bates Davidson* of counsel), for respondent.

GIBSON, J. The defendant appeals from a judgment in favor of plaintiff, in an action in negligence to recover for plaintiff's intestate's personal injuries and death; and from an order denying defendant's motion to set aside the verdict and for a new trial.

The accident occurred after dark on February 6, 1959, when decedent backed an automobile from his driveway and upon the highway designated as Route 226 and stopped with the car headed southeasterly, in part in the lane for eastbound travel with the rear extending into the westbound lane, in which position, according to plaintiff's testimony, the car was struck by defendant's westbound automobile.

Defendant testified that when he first saw decedent's car it was stopped upon the highway and that he was then between 200 and 250 feet from it. There was other testimony that the point of the accident was visible from the east for 386 feet. Defendant stated that his speed was 40 miles per hour when he first observed the other car, that he immediately applied his brakes but was traveling at 30 miles per hour when his automobile struck decedent's car broadside and overturned, then skidding on its top a considerable distance before coming to rest some 20 feet off the highway. Defendant knew that he was in a small hamlet or populated area protected by " Slow " signs and was familiar with the intersection which he was approaching and with two others within one tenth of a mile.

At plaintiff's request, the trial court charged section 138 of the Vehicle and Traffic Law defining " Residence district " and the provisions of subdivision 2 (par. [d]) of former section 56, providing: " Twenty-five miles an hour speed limit: All motor vehicles and motor cycles, except those restricted by this section to lower maximum speeds, when approaching or entering an intersection within a business or residential district where such intersection is not controlled by a peace officer or traffic control signal." This was followed by the usual instruction as to proximate cause. Defendant excepted, contending, as he does here, that the accident did not involve the intersection, which was, in his words, " some few feet away ", and that the statute was on that account inapplicable. It is true that the vehicles did not approach the intersection from different directions so as to constitute this an intersection case in the usual sense. On the other hand the statute, headed " Speed limited ", is not a right of way rule but relates solely to speed, which, under paragraph (d), is regulated according to the nature of the area and

when "*approaching or* entering" the intersection. (Italics added.) It can be argued with considerable logic that the statute was designed not merely to regulate vehicles approaching each other at intersections but, by reason of the reference in paragraph (d) to populated areas, i.e., a business or residential district, to promote also the safety of others, such as pedestrians (cf. par. [b] preceding it, which imposes a 15-miles-per-hour speed when passing a school building) and occupants of automobiles generally. It can also be urged with reason that, whatever the general purpose, those moving about in a neighborhood subject to this particular regulation do, and are entitled to rely upon its literal observance. This case, however, does not demand a definitive answer to the abstract legal question posed by the briefs since, upon the facts, the accident was so closely related to the operation of both cars in immediate proximity to the intersection, and their ultimate movement within its actual bounds, as to render completely unrealistic and unreasonable the attempted dissociation. The exhibits indicate that the westerly line of the driveway joined the southerly line of Route 226 but a few feet, perhaps a car length, easterly of the easterly side of the intersecting Manning Road. The car was backed diagonally or toward the northwest and thus close to the intersection, and when turned around by the collision was, in the words of a disinterested witness, in "the middle of the intersection", or at least, according to one marked exhibit, in one quadrant of it, as was decedent's body, which had been thrown from the car, and defendant's vehicle was even farther to the west.

Appellant attacks as contrary to law and to the weight of the evidence the jury's verdict of $2,000 upon the personal injury cause of action, contending that there was no competent proof of any conscious pain. Plaintiff, who is decedent's widow and was a passenger in the car, testified, without objection, that she alighted from the car and found decedent lying upon the highway, "moaning and groaning like he was in pain". There was no other evidence touching this issue. Concededly, decedent was unconscious upon arrival at the hospital and thereafter until his death. We find no New York authority in point but awards have been sustained in other jurisdictions upon somewhat similar proof. (See *St. Louis & Iron Mountain Ry.* v. *Craft*, 237 U. S. 648; *Louisville & Nashville R. R. Co.* v. *Whisenant*, 214 Miss. 421; *Langenstein* v. *Reynaud*, 13 La. App. 272.) Appellant's present contention that the evidence was legally insufficient to establish even momentary consciousness was not urged on the trial, by objection to the testimony or to

plaintiff's attorney's summation, in which the testimony was quoted and the issue itself fairly stated; or by exception to the charge or request for amplification or clarification. Upon this record, we find the verdict warranted.

We find no ground for reversal in appellant's additional contentions.

No appeal lies from the order entered only upon the minutes which denied defendant's motion to set aside the verdict and for a new trial. (*Waters* v. *Collins*, 5 A D 2d 358, 362.)

The judgment should be affirmed, with costs. The appeal from the order should be dismissed, without costs.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Judgment affirmed, with costs. Appeal from order dismissed, without costs.