■ DENTON COVELL, Respondent, v. H. R. H. CONSTRUCTION CORP., Appellant.— In an action to recover damages for personal injury, the defendant

appeals from an order of the Supreme Court, Richmond County, entered March 18, 1964, which: (a) denied its motions, made at the end of the plaintiff's case and at the close of the entire case, for dismissal of the complaint, for a directed verdict and for judgment in its favor, and which: (b) denied its motions, made pursuant to CPLR 4401; 4404 (subd. [a]) after the jury failed to return a verdict, for judgment in its favor. Appeal dismissed, without costs. *Inter alia,* CPLR 5701 authorizes an appeal as of right where the order involves some part of the merits or affects a substantial right. In our opinion, the order denying the defendant's oral motions embraced determinations in the nature of rulings by the court during the trial and is not appealable (*Kramer* v. *United States Fid. & Guar. Co.,* 212 App. Div. 644; *Courtier* v. *Schaeffer,* 20 A D 2d 713; *Doyle* v. *Alexander,* 19 A D 2d 533). It does not involve some part of the merits nor does it affect a substantial right, as such a right has been defined by the courts of this State; it does not grant or deny a new trial nor is it otherwise appealable under CPLR 5701 (*Kramer* v. *United States Fid. & Guar. Co., supra;* CPLR 5701, subd. [a], par. 2, cls. [iii], [iv], [v]; cf. *Fine* v. *Cummins,* 260 App. Div. 569). "Before the amendment of section 457-a of the Civil Practice Act (L. 1949, ch. 604), no appeal could be taken from an order denying a motion to dismiss the complaint and for a directed verdict where the jury had disagreed (*Kiamie* v. *Equitable Life Assur. Soc.,* 296 N. Y. 509; *Ripstoss* v. *New York Cent. R. R. Co.,* 285 N. Y. 789; see Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 261)" (*Le Glaire* v. *New York Life Ins. Co.,* 5 A D 2d 170, 172). The 1949 amendment provided that: "In the event a verdict was not returned an appeal may be taken from the order denying a motion for judgment made under this subdivision." Such amendment to section 457-a permitted an appeal from an order denying a motion for judgment dismissing the complaint or for a directed verdict where the jury failed to return a verdict (*Le Glaire* v. *New York Life Ins. Co., supra*). It is our opinion that the substance of the last sentence of section 457-a of the former Civil Practice Act, as amended in 1949, was not incorporated into CPLR 5701 and that, under CPLR 5701 the order embracing rulings on oral motions made during the actual course of the trial and after the jury disagreed is not appealable. If it is to be rendered appealable, that result should be accomplished by action of the Legislature and not by an overstrained judicial construction (but, see, 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pp. 57-8, 57-28, 57-29). Beldock, P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.