■ EVELYN P. CONSTANTIN, as Executrix of CHARLES S. CONSTANTIN, Deceased, Respondent, v. COUNTY OF DUTCHESS et al., Appellants, et al., Defendant.— In an action to recover damages for wrongful death and conscious pain and suffering, the appeals are from (1) a judgment of the Supreme Court, Dutchess County, dated January 28, 1969, in favor of plaintiff against defendant County of Dutchess, upon a jury verdict, and (2) an order of said court dated February 25, 1969 which denied a motion by said defendant and defendant Petrovits (a) to eliminate from the judgment the award of interest upon the verdict and (b) for a new trial or judgment in their favor notwithstanding the verdict. Appeal by defendant Petrovits from the judgment dismissed. The judgment contains no decretal provision against him. Accordingly, he is not aggrieved by it. Appeal insofar as it is from the order to the extent that it denied a new trial or judgment against plaintiff notwithstanding the verdict dismissed. No appeal lies from an order denying a motion for such relief made on the trial minutes. In any event, the contentions raised on the motion in support of such relief have been considered on the appeal from the judgment, and are therefore academic. Judgment, and order to the extent that it denied relief with respect to interest on the verdict, affirmed. A single bill of costs is awarded to plaintiff against defendant County of Dutchess, to cover all the appeals by said defendant. No other costs are awarded. We find no merit to the appeal on the substantive issues of liability. The record reveals that all the parties in question treated the cause of action for conscious pain and suffering as minimal. Moreover, appellants had no objection to a single verdict and waived a right to have the jury bring in separate verdicts. Under the facts of this case it is proper to let interest run on the entire verdict, as reduced by a prior settlement, from the date of death. In any event, if we deemed this to be a significant error we would order a new trial solely on the issue of damages. Rabin, Acting P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur [See 34 A D 2d 1003.]

■ ELAINE FIELD, as Administratrix of the Estate of LAWRENCE FIELD, Deceased, et al., Respondents, v. PAULA BRAVERMAN, Doing Business as BEECHMONT ASSOCIATES, et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Westchester County, dated December 2, 1969, which granted plaintiffs' motion to restore the case to the Trial Calendar. Order modified, on the law and the facts and in the exercise of discretion, by adding thereto the provision that the granting of the motion is upon the condition that plaintiffs' attorney pay each of the two defendants $50. As so modified, order affirmed, without costs. (Flowers v. Water Front Haulage Corp., 31 A D 2d 811; Milana v. Hotel Taft, 31 A D 2d 813.) The payments must be made within 10 days after entry of the order hereon. Rabin, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.