■ GRANEY DEVELOPMENT CORP. et al., Appellants, v J. ROBERT TAKSEN et al., Respondents. (Action No. 1.)—Order unanimously affirmed, with costs. Memorandum: We affirm Special Term's dismissal pursuant to CPLR 3211 (subd [a], par 7) of the third cause of action in the amended complaint purporting to allege the breach of an implied agreement on the part of the defendant bank not to divulge credit information pertaining to plaintiff, one of its borrowers, for the reasons stated by Special Term in its memorandum. (*Graney Dev. Corp. v Taksen,* 92 Misc 2d 764.) We affirm the dismissal of the fourth cause of action based on negligence of the bank and its employee in allegedly imparting erroneous credit information. Such communications by banks are protected by a qualified privilege and there is no malice or bad faith alleged (see *Moore v Manufacturers' Nat. Bank of Troy,* 123 NY 420; *Lewis v Chapman,* 16 NY 369; *Sewall v Catlin,* 3 Wend 291; *Commonwealth Motor Parts v Bank of Nova Scotia,* 44 AD2d 375; *Ritchie v Arnold,* 79 Ill App 406; Ann. 92 ALR2d 900; Ann. 40 ALR3d 1049; and see, generally, *A. B. C. Needlecraft Co. v Dunn & Bradstreet,* 245 F2d 775; *Ormsby v Douglass,* 37 NY 477). (Appeal from order of Monroe Supreme Court—partial summary judgment.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.

■ GRANEY DEVELOPMENT CORP. et al., Appellants-Respondents, v J. ROBERT TAKSEN et al., Respondents-Appellants. (Action No. 2.)—Appeals unanimously dismissed, without costs. Memorandum: Plaintiffs seek to review on appeal certain rulings of the court made during trial which have been embodied in an order entered on plaintiffs' motion granting a mistrial pursuant to CPLR 4402. It is well settled that an order granting a mistrial motion and rulings made by the court during trial are not appealable (see *Richardson v Wengatz,* 33 AD2d 947; *Northern Operating Corp. v Anopol,* 30 AD2d 690; *Landberg v Fowler,* 278 App Div 661; *Dunbar v Ingraham,* 275 App Div 898; *Matter of Taylor,* 271 App Div 947; *Fine v Cummins,* 260 App Div 569). Moreover, it is the general rule that a party in whose favor an order is made is not aggrieved (CPLR 5511; *Matter of Bayswater Health Related Facility v Karagheuzoff,* 37 NY2d 408, 413; 10 Carmody-Wait 2d, NY Prac, § 70:54). (Appeals from order of Monroe Supreme Court—motion for new trial.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ. [92 Misc 2d 764.]