(April 11, 1989)

1  Ross BICYCLES, INC., Respondent, v CITIBANK, N. A., Appellant.—Order, Supreme Court, New York County (Ethel Danzig, J.), entered on or about March 3, 1988, which denied defendant-appellant's motion pursuant to CPLR 5015 (a) (1) and (2) to be relieved of the default judgment entered against it on June 10, 1987, and which granted plaintiff-respondent's motion to vacate the temporary restraining order issued December 7, 1987, unanimously modified, on the law, to vacate the default judgment entered against appellant and the matter remanded for further proceedings, and otherwise affirmed, without costs.

This is the second appeal by Citibank, N. A. from the judgment against it entered June 10, 1987. The initial appeal from that judgment was dismissed by this court as nonappealable because the judgment had been granted on default. *(Ross Bicycles v Citibank,* 134 AD2d 181 [1st Dept 1987].) Supreme Court, however, upon defendant-appellant's motion to vacate the default judgment, held that it had not been entered upon Citibank's default. The IAS court deemed appellant's motion merely "an untimely attempt at seeking reargument".

The decision of this court in the first appeal was based on a finding that the judgment appealed from had been entered upon Citibank's default. It was res judicata as to this issue

and was binding upon Supreme Court. The doctrine of stare decisis requires that courts of original jurisdiction follow the decisions and precedents of the Appellate Division, which have jurisdiction of law and fact *(People v Blount,* 82 Misc 2d 964, 968-969 [Nassau County Ct 1975]; *United States Gypsum Co. v Riley-Stoker Corp.,* 11 Misc 2d 572, 575 [Sup Ct, Genesee County 1958], *affd* 7 AD2d 894 [4th Dept 1959], *revd on other grounds* 6 NY2d 188 [1959]).

Supreme Court also erred in rejecting the merit of appellant's argument that it had 20 days in which to respond to the CPLR 3213 motion for summary judgment in lieu of complaint. CPLR 3213 expressly incorporates the statutory time limits of CPLR 320 (a) as the "minimum time" before a CPLR 3213 motion may be noticed to be heard. Inasmuch as the judgment of June 10, 1987 was entered prematurely, five days before the statutory minimum time had elapsed, the default should be vacated and appellant given an opportunity to appear and contest the motion for summary judgment in lieu of complaint. Concur—Murphy, P. J., Asch, Rosenberger, Smith and Rubin, JJ.