■ HANOVER INSURANCE COMPANY, as Subrogee of the STATE OF NEW YORK, Respondent, v U.W. MARX, INC., Appellant. [656

---

NYS2d 474] —White, J. Appeal from an order of the Supreme Court (Canfield, J.), entered April 23, 1996 in Rensselaer County, which, *inter alia*, granted plaintiff's motion to strike a response in defendant's verified bill of particulars.

The facts underlying this appeal may be found in our prior decision wherein we granted summary judgment dismissing defendant's affirmative defense predicated upon the antisubrogation rule (*State of New York v U.W. Marx, Inc.*, 209 AD2d 784). In accordance with our decision, plaintiff served a second amended complaint upon defendant which tendered an amended answer setting forth, *inter alia*, the affirmative defense that this action is barred by the antisubrogation rule. Thereafter, in its bill of particulars, defendant cited the rule as the reason plaintiff's complaint fails to state a cause of action. Contending that defendant's assertion of the antisubrogation rule was in direct violation of our decision and order, plaintiff moved to strike the assertion from defendant's bill of particulars. Supreme Court granted the motion, prompting this appeal.

We affirm. As plaintiff correctly points out, Supreme Court, under the doctrine of stare decisis, was required to follow our decision dismissing defendant's antisubrogation defense (*see, People v Towndrow*, 187 AD2d 194, 195, *appeal dismissed* 81 NY2d 1021; *Ross Bicycles v Citibank*, 149 AD2d 330, 331). Further, the doctrine of res judicata precludes defendant from simply realleging its defense in a subsequent pleading without leave of the court (*see, Lanuto v Constantine*, 215 AD2d 946, 947; *compare, Marks v Macchiarola*, 221 AD2d 217, 218).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.