■ SALEEM MEHAR et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. [688 NYS2d 617] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated January 29, 1998, which, after a jury verdict finding the defendant City of New York 80% at fault, the defendants Lannie Gordon and Angela Esson 15% at fault, and

the plaintiffs 5% at fault in the happening of the accident, granted the oral motion of the defendant City of New York for a mistrial setting aside the jury verdict as to liability in favor of the plaintiffs and against the defendants.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, the motion of the defendant City of New York is denied, and the jury verdict as to liability is reinstated; and it is further,

Ordered that the appellants are awarded one bill of costs.

After a liability verdict against the defendant City of New York (hereinafter the City) had been rendered by the jury in a bifurcated trial, the parties and the court learned that one of the jurors was not a resident of Queens County and thus was not qualified to serve on the jury (*see,* Judiciary Law § 510 [1]). The court then granted the City's oral motion for a mistrial.

Preliminarily, we note that as a general principle, rulings made during the course of a trial are not appealable. Rather, these rulings, even if reduced to a written order, are brought up for review on an appeal from the ensuing judgment (*see, e.g., Radford v Sheridan Prods.,* 181 AD2d 667; *Savarese v New York City Hous. Auth.,* 172 AD2d 506; *Brown v Micheletti,* 97 AD2d 529; *Selly v Port of N. Y. Auth.,* 36 AD2d 861; *Constantin v County of Dutchess,* 34 AD2d 954; *Kinner v Kuroczka,* 12 AD2d 383; *Waters v Collins,* 5 AD2d 358). Accordingly, the denial of a motion for a mistrial during the course of a trial is not appealable and review may be had on an appeal from the ensuing judgment (*see generally, Hannon v Dunkirk Motor Inn,* 167 AD2d 834; *see also, Reome v Cortland Mem. Hosp.,* 152 AD2d 773, 774; 10 Carmody-Wait 2d, NY Prac § 70.30, at 48).

In this case, the Supreme Court, in the order appealed from, granted an oral motion made by the defendant City for a mistrial based on an alleged violation of Judiciary Law § 510 (1) after the jury reached a verdict on liability. Under these circumstances, we deem it appropriate to treat the appellants' notice of appeal as an application for leave to appeal and grant the application for leave to appeal pursuant to CPLR 5701 (c) (*see, DePasquale v Morbark Indus.,* 254 AD2d 450). Although it has been held that the granting of a motion for a mistrial is not appealable (*see, e.g., Kyong Hi Wohn v County of Suffolk,* 211 AD2d 761; *Slavin v Berlin,* 172 AD2d 514; *Mecca v Connelly,* 150 AD2d 353; *Fine v Cummins,* 260 App Div 569; *Matter of Taylor,* 271 App Div 947), those cases are distinguishable

from the case at bar since they involve the granting of a motion for a mistrial made during the trial and before a jury verdict was rendered (*see, e.g., Kyong Hi Wohn v County of Suffolk, supra*). The facts in *Covell v H.R.H. Constr. Corp.* (24 AD2d 566, *affd* 17 NY2d 709) are also inapposite to the case at bar.

Turning to the merits of the instant appeal, the court erred in granting the City's oral motion for a mistrial setting aside the jury verdict as to liability. The City waived any objection to the juror's qualification for service when it failed to initially ascertain the juror's true residence and challenge the juror on that ground (*see, People v Cosmo,* 205 NY 91, 101). Moreover, as the juror's residence did not affect his intelligence and fairness (*see, People v Cosmo, supra,* at 100-101) or his competence to serve (*see, People v Foster,* 64 NY2d 1144, 1146, *cert denied* 474 US 857), the juror's failure to meet the appropriate statutory requirement was not a sufficient reason to grant a mistrial (*see, People v Foster,* 100 AD2d 200, *mod* 64 NY2d 1144, *cert denied* 474 US 857, *supra*; *see also, United States v Rosenstein,* 34 F2d 630, 634, *cert denied* 280 US 581, *cert denied sub nom. Levy v United States,* 280 US 602; *People ex rel. Ostwald v Craver,* 272 App Div 181, 183). Mangano, P. J., O'Brien, Krausman and Goldstein, JJ., concur.