■ WILLIAM HOLT, Respondent, v MEAD TRUCK RENTING CORP. et al., Appellants. (And a Third-Party Action.) [707 NYS2d 841] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 25, 1999, which granted the plaintiff's oral motion to set aside the jury verdict and for a new trial.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]; *see also, Mehar v City of New York,* 260 AD2d 554); and it is further,

Ordered that the order is reversed, on the facts, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment on the verdict; and it is further,

Ordered that the appellants are awarded one bill of costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Ciotti v New York Hosp.,* 221 AD2d 581; *Nicastro v Park,* 113 AD2d 129, 134). "Determinations regarding the credibility of witnesses are for the fact-finders, who had the opportunity to see and hear the witnesses, and great deference is accorded to their findings" (*Darmetta v Ginsburg,* 256 AD2d 498). A fair basis existed for the verdict in favor of the defendants (*see, e.g., Shachnow v Myers,* 229 AD2d 432). O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.